KEKER, VAN NEST & PETERS LLP
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
MATAN SHACHAM - # 262348
mshacham@keker.com
VICTOR CHIU - # 305404
vchiu@keker.com
MARIA F. BUXTON - # 318563
mbuxton@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant SNAP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

The Estate of Carson Bride by and through his appointed administrator, Kristin Bride, and Tyler Clementi Foundation, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

SNAP INC., YOLO TECHNOLOGIES, INC., LIGHTSPACE, INC., DOES #1-10,

Defendants.

Case No. 3:21-cv-3473-JD

**DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA**

Date: August 19, 2021
Time: 10:00 a.m.
Dept.: Courtroom 11 – 19th Floor
Judge: Hon. James Donato

Date Filed: May 10, 2021
Trial Date: Not set

# TABLE OF CONTENTS


**Page**

STATEMENT OF ISSUE TO BE DECIDED .......... 1

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. The Central District is undisputedly a proper venue. .......... 2

B. The convenience and fairness factors support transfer to the Central District. .......... 2

1. Plaintiffs cannot establish that their choice of forum is entitled to deference (factor 1). .......... 2

2. The Central District is more convenient for witnesses and the parties (factors 2 and 3). .......... 4

3. The Central District has a greater local interest in this dispute than the Northern District (factor 7). .......... 8

4. The Central District can provide a speedier resolution of this action than the Northern District (factor 8). .......... 10

C. The Court should deny Plaintiffs' request for venue-related discovery. .......... 10

III. CONCLUSION .......... 10

## TABLE OF AUTHORITIES


Page(s)

**Federal Cases**

*Baker v. Bayer Healthcare Pharm. Inc.*, 2015 WL 4456085 (N.D. Cal. July 21, 2015) ........ 10

*Bakhtiar v. Information Resources, Inc.*, 2018 U.S. Dist. LEXIS 28869 (N.D. Cal. Feb. 22, 2018) ........ 9

*Barnes & Noble, Inc. v. LSI Corporation*, 823 F. Supp. 2d 980 (N.D. Cal. 2011) ........ 9

*Bloom v. Express Services Inc.*, 2011 WL 1481402 (N.D. Cal. Apr. 19, 2011) ........ 9

*Brady v. Von Drehle Corp.*, 2014 WL 4243254 (N.D. Cal. Aug. 26, 2014) ........ 9

*Brown v. Abercrombie & Fitch Co.*, 2014 WL 715082 (N.D. Cal. Feb. 14, 2014) ........ 5

*Burgess v. HP, Inc.*, 2017 WL 467845 (N.D. Cal. Feb. 3, 2017) ........ 6, 7

*Chesapeake Climate Action Network v. Exp.-Imp. Bank of the United States*, 2013 WL 6057824 (N.D. Cal. Nov. 15, 2013) ........ 7

*De Los Santos v. Panda Express, Inc.*, 2011 WL 2560213 (N.D. Cal. June 28, 2011) ........ 4

*English v. United Brands Co.*, 1974 WL 991 (N.D. Cal. Dec. 6, 1974) ........ 6

*Fitbit, Inc. v. Koninklijke Philips N.V.*, 336 F.R.D. 574 (N.D. Cal. 2020) ........ 7, 10

*Glaxo Grp. Ltd. v. Genentech, Inc.*, 2010 WL 1445666 (N.D. Cal. Apr. 12, 2010) ........ 10

*Jimenez v. Haxton Masonry, Inc.*, 2019 WL 9573762 (N.D. Cal. May 10, 2019) ........ 2, 7

*Johns v. Panera Bread Co.*, 2008 WL 2811827 (N.D. Cal. July 21, 2008) ........ 6

*Marshall v. Monster Beverage Corp.*, 2014 WL 3870290 (N.D. Cal. Aug. 6, 2014) ........ *passim*

*Morris v. Safeco Ins. Co.*,
2008 WL 5273719 (N.D. Cal. Dec. 19, 2008) .......... 7, 10

*Park v. Dole Fresh Vegetables, Inc.*,
964 F. Supp. 2d 1088 (N.D. Cal. 2013) .......... *passim*

*Pierce-Nunes v. Toshiba Am. Info. Sys., Inc.*,
2014 WL 4674666 (N.D. Cal. Sept. 15, 2014) .......... 9

*Rabinowitz v. Samsung Elecs. Am., Inc.*,
2014 WL 5422576 (N.D. Cal. Oct. 10, 2014) .......... 8, 9

*Sensus USA Inc. v. Badger Meter Inc.*,
2016 WL 5390300 (N.D. Cal. Sept. 27, 2016) .......... 6, 7

*Van Cauwenberghe v. Biard*,
486 U.S. 517 (1988) .......... 6

*Van Mourik v. Big Heart Pet Brands, Inc.*,
2018 WL 3549122 (N.D. Cal. July 24, 2018) .......... 6, 10

*Walters v. Famous Transports, Inc.*,
488 F. Supp. 3d 930 (N.D. Cal. 2020) .......... 8

**Federal Statutes**

28 U.S.C. § 1391 .......... 2

28 U.S.C. § 1404 .......... 1, 2, 6, 7

**STATEMENT OF ISSUE TO BE DECIDED**

Whether transfer of this case to the Central District of California is warranted under 28 U.S.C. § 1404 because (1) this case could have been brought in the Central District and (2) considerations of convenience and fairness support transfer to the Central District.

## I. INTRODUCTION

Plaintiffs' opposition to Defendants' motion to transfer raises one simple question: why *is* this case being litigated in the Northern District of California?

- No Plaintiff resides in the Northern District, much less in California. Rather, they respectively reside in Oregon and New York.
- Plaintiffs undertook no action related to this matter in the Northern District, much less in California.
- Plaintiffs do not identify any non-party or party witnesses of theirs who reside in the Northern District.
- Plaintiffs never assert that litigating in the Northern District would be more convenient for them than litigating in the Central District.

By contrast, the evidence submitted by Defendants—which Plaintiffs largely ignore—points to another forum where litigation is more sensible: the Central District of California.

- More potential trial witnesses reside in the Central District than anywhere else.
- Defendant Yolo has in the Central District its headquarters, its entire U.S. workforce, and its only potential trial witness.
- Defendant Snap has in the Central District its headquarters, thousands of employees (nearly 5 times more than in the Northern District), and the vast majority of potential trial witnesses.
- Defendant LightSpace is a foreign corporation, and, although it has 2 potential trial witnesses located in the Northern District, it maintains its entire engineering team

dedicated to the LMK app in China and seeks transfer of this case as well.

- The Central District's ties to and interest in this dispute—and to the parties—are greater than those of the Northern District.
- The Central District's dockets are less congested and promise a prompt resolution of this action.

Defendants respectfully request that this action be transferred to the Central District.

## II. ARGUMENT[1]

### A. The Central District is undisputedly a proper venue.

Plaintiffs do not dispute that this case could have been brought in the Central District under 28 U.S.C. § 1391(b)(1). Thus, the first requirement under Section 1404 is satisfied, and the only question is whether the convenience and fairness factors favor transfer. They do.

### B. The convenience and fairness factors support transfer to the Central District.

Plaintiffs largely ignore the facts and law presented by Defendants establishing that the traditional factors weigh in favor of transfer, and their arguments to the contrary fail.

#### 1. Plaintiffs cannot establish that their choice of forum is entitled to deference (factor 1).

The deference to a plaintiff's choice of forum is "substantially diminished" when plaintiff is a non-resident and/or seeks to represent a class. *E.g.*, *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1094 (N.D. Cal. 2013); *Marshall v. Monster Beverage Corp.*, 2014 WL 3870290, at *2 (N.D. Cal. Aug. 6, 2014). Here, Plaintiffs do not dispute that they are non-residents and that they seek to represent three national classes, as well as two non-California sub-classes. Compl. ¶¶ 26-28, 160-162. Thus, the Court should give limited, if any, deference to Plaintiffs' decision to file this case in the Northern District.

Plaintiffs rely on a single case, *Jimenez v. Haxton Masonry, Inc.*, to argue that their choice of forum is nonetheless entitled to deference. 2019 WL 9573762 (N.D. Cal. May 10, 2019).

[1] In all citations included herein, internal citations, quotation marks, and alterations have been removed, and emphases added, unless otherwise noted. Defendants incorporate all facts from Section II of Defendants' Joint Motion to Transfer, Dkt. 31, as if set forth herein.

*Jimenez* is readily distinguishable. In that case, the defendant sought to transfer the case from California to Arizona. Even though plaintiff was an Arizona resident bringing a class action, the court determined that deference was due to the choice of forum in California based on three circumstances. First, the named plaintiff had extensive connections to California: he "regularly travel[led] to California," "performed approximately 70% of his work for [the defendant] in California," and "stay[ed] overnight at jobsites in California." *Id.* at *1. Second, the class that the plaintiff sought to represent was centered on California: it was a class of California and Arizona residents, all of whom "traveled to jobsites in California." *Id.* at *3. Third, "[t]he core allegations" in that case "revolve[d] around" job sites that the defendant operated in California and within this District more specifically, and on alleged misconduct by the defendant against the plaintiff and class members that occurred at those sites. *Id.*

No analogous circumstance exists here. First, the non-resident Plaintiffs do not allege—or argue in their opposition—that they have *any* connection to California, much less to this District. Second, the classes that Plaintiffs seek to represent have no special connection to California. Rather, they are national classes and an Oregon and a New York sub-class. Compl. ¶¶ 26, 28, 160-162. Third, the "core allegations" in no way revolve around the Northern District. Indeed, the *only* allegations in the Complaint relating to the Northern District are that LightSpace has an office there and boilerplate assertions about Defendants "conducting substantial business" there to support venue. *Id.* ¶¶ 43, 48. Plaintiffs focus in their opposition on connections that LightSpace and Snap have to this District, but, unlike in *Jimenez*, they identify no allegations or evidence showing that these connections are at the heart of their claims, and the allegations and evidence show that this case is centered on events that occurred either in the Central District or outside California.[2] Plaintiffs' Opposition to Joint Motion to Transfer ("Opp."), Dkt. 37, at 6-7.

Furthermore, as detailed in Defendants' motion, courts in this District have repeatedly held that limited deference is due in cases such as this one. Defendants' Joint Motion to Transfer ("Mot."), Dkt. 31, at 7-8. Plaintiffs attempt to distinguish two of those cases, *Marshall* and *Park*,

[2] Plaintiffs also ignore the evidence showing that any connection Defendants have to the Northern District is dwarfed by their connections to the Central District. Section I.B.2, *infra*.

by reasoning that the courts there granted transfer because "plaintiffs and defendants resided in the Central District." Opp. at 7. But neither decision turned on the plaintiff's residency in the Central District. Rather, they turned on whether the plaintiffs were residents of the forum in which they sued. *See Marshall*, 2014 WL 3870290, at *2 ("a plaintiff's choice is given less weight in class action cases and in cases where a plaintiff does not reside in the forum"); *Park*, 964 F. Supp. 2d at 1094 (plaintiff's choice of forum "substantially diminished . . . where . . . the plaintiff's venue choice is not its residence . . . [and] the plaintiff sues on behalf of a putative class"). Plaintiffs also ignore the *De Los Santos v. Panda Express, Inc.* case cited by Defendants, in which the Court transferred a class action to the Central District even though the plaintiffs did not reside in the Central District. 2011 WL 2560213, at *1 (N.D. Cal. June 28, 2011) (plaintiffs resided in Kansas and Illinois).

Because Plaintiffs undisputedly do not reside in the Northern District and seek nationwide class-wide relief, the Court should give their choice of forum "substantially diminished" deference, if any. *Park*, 964 F. Supp. 2d at 1094.

**2. The Central District is more convenient for witnesses and the parties (factors 2 and 3).**

**a. Plaintiffs ignore the evidence showing that the majority of potential trial witnesses are located in the Central District.**

The convenience of witnesses is often "the most important factor in deciding transfer questions." *Marshall*, 2014 WL 3870290, at *3. Defendants have shown—and Plaintiffs do not contest—that nearly all the potentially relevant witnesses reside in the Central District and only a few reside in the Northern District:

- ***Snap***: Of the two teams likely to be most relevant to this litigation, *i.e.*, Platform Integrity and Platform Partnerships, 68 of their members reside in the Central District, while only 10 reside in the Northern District. And out of those teams, the people who had involvement with the YOLO or LMK apps and/or set relevant policy are overwhelmingly located in the Central District (25 there, compared to 1 in the Northern District and 5 outside the state). Mot. at 8-9. Plaintiffs completely

ignore these numbers.

- ***Yolo***: Plaintiffs omit any discussion about Yolo, which has *no* employees in the Northern District and whose CEO and likely trial witness resides in the Central District. Mot. at 8.
- ***LightSpace:*** Plaintiffs state that 3 of LightSpace's co-founders reside in the Northern District, Opp. at 6, but they disregard the fact that of the LightSpace employees involved with the LMK app, 7 are located in China and only 2 are located in the Northern District. Mot. at 4, 8.

Plaintiffs argue that *some* trial witnesses might be located in the Northern District, Opp. at 8, but that is not the relevant inquiry. Rather, the question is where *most* of the potential witnesses reside and whether transfer to the Central District would be more convenient given the pool of potential trial witnesses overall. *Marshall*, 2014 WL 3870290, at *3; *Brown v. Abercrombie & Fitch Co*., 2014 WL 715082, at *2, 7 (N.D. Cal. Feb. 14, 2014) (transferring class action to the Central District, even though the defendant identified 12 witnesses in the Northern District). Because the overall number of potentially relevant witnesses in the Northern District pales in comparison to the number in Central District, the witness-convenience factor supports transfer.

Likewise, the convenience-of-the-parties factor weighs in favor of transfer to the Central District. It is undisputed that two of the three Defendants are headquartered in the Central District and that the vast majority of Snap's employees are located there. Mot. at 9. Plaintiffs, on the other hand, have failed to "explain[] why it would be more convenient for [them] to litigate this action in the Northern District." *Park*, 964 F. Supp. 2d at 1095. Plaintiffs' only argument is that transfer would "shift the inconvenience" from Defendants to Plaintiffs, Opp. at 8, but they do not identify *any inconvenience whatsoever* to Plaintiffs in litigation in the Central District as opposed to the Northern District—nor could they, given that they reside outside California. By contrast, it would be more convenient for at least two of the three Defendants to proceed in the Central District because they are headquartered there, and the third (foreign) Defendant also seeks transfer.

**b. Defendants have more than satisfied their burden for establishing the convenience of the witnesses and the parties.**

Rather than grappling with the hard numbers above and their implications for these convenience factors, Plaintiffs raise two arguments, both of which fail.

Plaintiffs first assert that the Court should ignore the convenience of party witnesses. Opp. at 9. But in opposing a transfer motion, it is not enough for Plaintiffs to "simply argue that . . . the witnesses are Defendant's employees." *Sensus USA Inc. v. Badger Meter Inc.*, 2016 WL 5390300, at *6 (N.D. Cal. Sept. 27, 2016); Opp. at 9. Indeed, that argument ignores the many decisions in this District where courts considered the location of a *party's* employees and granted the transfer motion. *Burgess v. HP, Inc.*, 2017 WL 467845, at *9 (N.D. Cal. Feb. 3, 2017); *Marshall*, 2014 WL 3870290, at *3; *Johns v. Panera Bread Co.*, 2008 WL 2811827, at *4 (N.D. Cal. July 21, 2008). And for good reason: courts in this District have long recognized that "minimizing the disruption of [defendants'] business activities during litigation" is a "proper factor[] to be considered by the court on a § 1404(a) motion." *English v. United Brands Co.*, 1974 WL 991, at *2 (N.D. Cal. Dec. 6, 1974). Compelling Defendants' employees to travel from the Central District to the Northern District for this action would do just that and would needlessly increase litigation costs. *See Park*, 964 F. Supp. 2d at 1095 ("litigation costs are reduced when venue is located near the most witnesses expected to testify").

Plaintiffs next assert that the evidence offered by Defendants is insufficient because it does not identify exactly who will ultimately be trial witnesses, where their location is, what their testimony will be, and what the relevance of that testimony will be. Opp. at 9-10. This argument fails for three reasons.

***First***, as this Court has recognized when evaluating a transfer motion, "at this early stage in the case, neither party can say for sure which witnesses will be called to testify." *Van Mourik v. Big Heart Pet Brands, Inc.*, 2018 WL 3549122, at *2 (N.D. Cal. July 24, 2018); *see also Van Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988) (the "district court's inquiry [for a *forum non conveniens* motion] does not necessarily require extensive investigation, and may be resolved on affidavits presented by the parties"). Plaintiffs accordingly cannot insist on a granular identification of witness information now, especially given that Plaintiffs have identified *no*

witnesses of theirs in the Northern District. Defendants have conducted a reasonable investigation, and as their uncontested declarations show, nearly all potentially relevant witnesses reside in the Central District and very few reside in the Northern District. Mot. at 8.

***Second***, when a plaintiff fails to "point to any witnesses that [it] might call in the Northern District of California, or any witness at all"—which is exactly the case here—courts have rejected any complaint that "declarations filed in support of [a defendant's] motion to transfer should be disregarded because [defendant] has not provided specific information on the identities and subject matter of the potential witnesses' testimony." *Burgess*, 2017 WL 467845, at *10; *accord Sensus*, 2016 WL 5390300, at *6. Notably, Plaintiffs provide no evidence or declarations concerning the witnesses they intend to call at trial. "[G]iven the complete lack of information about [Plaintiffs'] witnesses, [Defendants'] declaration[s] [are] sufficient to conclude that the convenience of the witnesses favors [the Central District] over the Northern District of California." *Id.* Indeed, courts regularly grant transfer motions even where defendants do not provide the detailed information that Plaintiffs demand here. *See, e.g.*, *Fitbit, Inc. v. Koninklijke Philips N.V.*, 336 F.R.D. 574, 587 (N.D. Cal. 2020); *Morris v. Safeco Ins. Co.*, 2008 WL 5273719, at *5 (N.D. Cal. Dec. 19, 2008).

***Third***, even though Defendants' evidence constitutes a strong showing of greater witness convenience in the Central District, such a showing is not even required given the limited to non-existent deference afforded to Plaintiffs' choice of forum in this case. As the court explained in *Jimenez* (the case that Plaintiffs heavily rely upon), "[t]he deference given to the plaintiff's choice of forum directly impacts the defendant's burden on a § 1404 motion to transfer." 2019 WL 9573762, at *3; *accord Chesapeake Climate Action Network v. Exp.-Imp. Bank of the United States*, 2013 WL 6057824, at *2 (N.D. Cal. Nov. 15, 2013) ("As deference to a plaintiff's choice of forum decreases, a defendant's burden to upset the plaintiff's choice of forum also decreases."). Consequently, Defendants' burden to show why litigating in the Northern District is more inconvenient is diminished, and Plaintiff's suggestion that Defendants must make a "strong showing of inconvenience" is incorrect. *Jimenez*, 2019 WL 9573762, at *3.

In sum, Plaintiffs fail to give any reason why this case should stay in the Northern District

when nearly all the potentially relevant witnesses reside in the Central District and two of the three defendants are headquartered in the Central District. Accordingly, the convenience-of-the-witnesses factor and convenience-of-the-parties factor both favor transfer.

### 3. The Central District has a greater local interest in this dispute than the Northern District (factor 7).

Plaintiffs assert that the Northern District has an equal if not greater interest in this dispute than the Central District because "Defendants have significant operations in this District that relate to Plaintiffs' claims." Opp. at 13. Plaintiffs then make the remarkable assertion that, as a result, where a company is "officially headquartered has little relevance." *Id*. Plaintiffs are wrong on both the facts and the law.

With respect to the facts, the numbers speak for themselves. No Plaintiff is located in the Northern District, and no Plaintiff alleges that it has ever done anything in the Northern District related to this case. As for Defendants, more employees are located in and more parties are headquartered in the Central District than anywhere else. Yolo's entire domestic workforce and its headquarters are in the Central District. Snap maintains its headquarters in the Central District and employs thousands of people there—in fact, nearly 5 times as many employees there than in the Northern District.[3] LightSpace is headquartered abroad, has its entire engineering operations for the LMK app in China, and has only 2 people with a connection to the LMK app in the Northern District. The ties to the Central District thus trump those to the Northern District.

Plaintiffs are also wrong on the law. Where a company is headquartered does matter. As one Court recently noted, "there is in fact a local interest in citizens deciding matters pertaining to businesses that are headquartered" in a given district. *Walters v. Famous Transports, Inc.*, 488 F. Supp. 3d 930, 941 (N.D. Cal. 2020). This interest is especially strong when a party employs a substantial number of its employees in that district. *See Rabinowitz v. Samsung Elecs. Am., Inc.*, 2014 WL 5422576, at *7 (N.D. Cal. Oct. 10, 2014) (agreeing that another forum had a substantial

[3] Plaintiffs incorrectly state that Snap's "Platform Partnerships and Platform Integrity teams operate" in the Northern District. Opp. at 13. To the contrary, Snap's Platform Partnerships team has 22 employees, 13 of whom reside in Los Angeles County and only 2 of whom reside in Northern California. Dkt. 31-2 ¶ 5. Snap's Platform Integrity team has 114 employees, 55 of whom reside in Los Angeles County and only 8 of whom reside in Northern California. *Id.* ¶ 6. Plaintiffs never address these figures.

interest in deciding controversies involving businesses headquartered there and that employed a substantial number of its citizens).[4]

That Snap and LightSpace have *some* presence in the Northern District does not mean that the Northern District has an equal or greater local interest in this action, as Plaintiffs contend. In *Bloom v. Express Services Inc.*, the defendant "conduct[ed] business in California" but was headquartered in Oklahoma. 2011 WL 1481402, at *5 (N.D. Cal. April 19, 2011). The *Bloom* court still transferred the case to Oklahoma because "Oklahoma has an interest in deciding controversies involving businesses headquartered there, and that employ a substantial number of its citizens." *Id.* So too here. Snap is headquartered in Santa Monica, Mot. at 4, and it employs far more employees in the Central District than it does in the Northern District, *id.* at 8.

Notably, none of Plaintiffs' cases support the proposition that a defendant's headquarters has little relevance when the defendant also happens to have offices in the forum. In *Bakhtiar v. Information Resources, Inc.*, the plaintiff in an employment lawsuit lived and worked in the Northern District. 2018 U.S. Dist. LEXIS 28869, at *1 (N.D. Cal. Feb. 22, 2018). The court never suggested that the location of defendant's headquarters "has little relevance." In fact, the court provided *no analysis whatsoever* for why it found both the forum and the transferee district both had an interest in the underlying dispute, undercutting the significance of this case as persuasive precedent. *Id.* at *10. The same is true for *Barnes & Noble, Inc. v. LSI Corporation*, where the court undertook no analysis of the competing district's interest in the underlying dispute. 823 F. Supp. 2d 980, 995 (N.D. Cal. 2011).

In short, it is beyond dispute that the Central District—where thousands of Defendants' employees work and where two of the Defendants are headquartered—has a stronger local interest in this case than the Northern District.

---

[4] Plaintiffs erroneously contend that the courts in *Pierce-Nunes v. Toshiba Am. Info. Sys., Inc.*, 2014 WL 4674666, at *6 (N.D. Cal. Sept. 15, 2014) and *Brady v. Von Drehle Corp.*, 2014 WL 4243254, at *1 (N.D. Cal. Aug. 26, 2014) found a local interest outside of the Northern District because "defendants' actions had little or no connection to the forum where the plaintiff filed suit." Opp. at 13. Not so, and Plaintiffs cannot point to any portion of either decision so holding.

#### 4. The Central District can provide a speedier resolution of this action than the Northern District (factor 8).

Plaintiffs do not—and cannot—dispute that, based on the most recent data available, the Central District has a substantially faster median time from filing to disposition and median time from filing to trial. Mot. at 11. Plaintiffs argue that this is a function of Covid-19 conditions and that "there is no reason to doubt that the median time from filing to trial (or disposition) will return to normal." Opp. at 12. This is rank speculation. Plaintiffs' musings about future docket conditions should not distract this Court from considering hard evidence available now, which shows that the Central District is resolving cases faster than the Northern District.[5] Thus, the court-congestion factor weighs in favor of transfer.

### C. The Court should deny Plaintiffs' request for venue-related discovery.

Lastly, venue-related discovery is not needed or appropriate for Defendants' motion. Plaintiffs ask for, among other things, "the names of all relevant witnesses, their positions and anticipated testimony." Opp. at 14. As noted above, courts have granted transfer motions even when a defendant does not provide such information. *Fitbit*, 336 F.R.D. at 587; *Morris*, 2008 WL 5273719, at *5. And this Court has recognized that such precise information may not be available at this early stage. *Van Mourik*, 2018 WL 3549122, at *2. Thus, the Court should deny Plaintiffs' alternative request for venue-related discovery.

## III. CONCLUSION

For all these reasons, the Court should transfer this case to the Central District.

---

[5] In any event, prognostications about a return to "normal" are speculative. Courts in this District have granted transfers to the Central District at various points in time in, for instance, 2015, 2014, and 2010, based on comparative court congestion. *Baker v. Bayer Healthcare Pharm. Inc.*, 2015 WL 4456085, at *4 (N.D. Cal. July 21, 2015); *Marshall*, 2014 WL 3870290, at *3; *Glaxo Grp. Ltd. v. Genentech, Inc.*, 2010 WL 1445666, at *5-6 (N.D. Cal. Apr. 12, 2010).

Dated: August 2, 2021

KEKER, VAN NEST & PETERS LLP

By: */s/ Matan Shacham*
PAVEN MALHOTRA
MATAN SHACHAM
VICTOR CHIU
MARIA F. BUXTON

Attorneys for Defendant
SNAP INC.

Dated: August 2, 2021

DENTONS US LLP

By: */s/ Nick S. Pujji (with permission)*
NICK S. PUJJI
CAROL YUR

Attorneys for Defendant YOLO TECHNOLOGIES, INC.

Dated: August 2, 2021

BECKAGE

By: */s/ Myriah V. Jaworski (with permission)*
MYRIAH V. JAWORSKI

Attorneys for Defendant LIGHTSPACE, INC.

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this brief has been obtained from the other signatories.

Dated: August 2, 2021

KEKER, VAN NEST & PETERS LLP

By: */s/ Matan Shacham*
MATAN SHACHAM