Juyoun Han (*pro hac vice*)
Eric Baum (*pro hac vice*)
**EISENBERG & BAUM, LLP**
24 Union Square East, PH
New York, NY 10003
Tel: (212) 353-8700
Fax: (212) 353-1708

Peter Romer-Friedman (*pro hac vice pending*)
Robert Friedman (*pro hac vice pending*)
**GUPTA WESSLER PLLC**
2001 K Street, NW, Suite 850
Washington, DC 20006
202.888.1741 (office)
718.938.6132 (cell)

John K. Buche (CA Bar No. 239477)
**BUCHE & ASSOCIATES, P.C.**
2029 Century Park E., Suite 400N
Los Angeles, CA 90067
Tel: (310) 593-4193
Fax: (858) 430-2426
jbuche@buchelaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| The Estate of Carson Bride by and through his appointed administrator, Kristin Bride, and Tyler Clementi Foundation, on behalf of themselves and all others similarly situated,<br><br>   *Plaintiffs*,<br><br>   v.<br><br>SNAP, INC., YOLO TECHNOLOGIES, INC., LIGHTSPACE, INC., DOES #1-10.<br><br>   *Defendants*. | Civil Action No.:<br>**2:21-cv-06680-JVS-MRW**<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:   October 4, 2021<br>Time:   11:30 a.m.<br>Judge:  Hon. James V. Selna |

# JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT

Plaintiffs The Estate of Carson Bride, Kristin Bride, and Tyler Clementi Foundation on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") and Defendants Snap Inc., Yolo Technologies Inc., and LightSpace Inc., by and through their respective counsel of record, hereby submit the following Joint Rule 26(f) Report pursuant to Civil Local Rule 26-1, and the Order setting Rule 26(f) Scheduling Conference (ECF No. 70).

## 1. SYNOPSIS

*Plaintiffs' Statement*

This lawsuit is about anonymous messaging apps that were developed, designed, and marketed to millions of teen users by Defendants Snap Inc. (Snapchat app), Yolo Technologies Inc. (Yolo app), and LightSpace Inc. (LMK app). In 2019, Yolo and LightSpace released the anonymous messaging apps, which were launched on Snapchat's platform. Plaintiffs allege that Defendants created, maintained, and distributed anonymous messaging apps to teens that are inherently dangerous and defective, and Defendants falsely promising the enforcement of safeguards in their own policies and marketing language, causing Carson Bride to take his own life. Carson's mother, Kristin Bride, also brings claims of misrepresentation against Defendant YOLO.

The principal factual issues in dispute would include: (1) Whether the Defendants' anonymous messaging apps were inherently dangerous, and whether the harms caused by the apps were foreseeable; (2) Whether the Defendants misrepresented their ability to carryout specific actions they stated in their policies and marketing language to safeguard young users from bullying and harassment; (3) whether the Defendants failed to

communicate with Kristin Bride and law enforcement in violation of their own stated policies and marketing language.

*Defendants' Statement*

Defendant Snap is the developer of the mobile application Snapchat, a camera and communications application for mobile phones that primarily helps users communicate with each other via short video-, image-, and text-based messages called "Snaps." Users can send Snaps to other Snapchat users or post them to all their Snapchat friends through posts called "Stories." Defendants Yolo and LightSpace are the developers of the mobile applications Yolo and LMK, respectively.

Snap has made its platform available to approved third-party developers through a program called Snap Kit, which allows third-party developers to integrate different functionalities of Snapchat's platform into their own third-party apps. The Yolo and LMK apps utilized Snap Kit and allowed users to create questions or polls that could be posted to a user's Snapchat Story and receive responses through the Yolo and LMK apps.

Plaintiff the Estate of Carson Bride by and through its Administrator, Kristin Bride ("Estate") filed suit against Defendants based on a series of allegedly harassing messages sent anonymously to Carson Bride. The Complaint alleges that, over five months in 2020, Carson Bride used Yolo and LMK to post questions or polls and, in response, he received through the Yolo and LMK apps a series of harassing messages. Plaintiffs allege that these messages caused Mr. Bride to take his own life in June of 2020. All of the Estate's claims arise out of the harm allegedly caused by these messages. The Tyler Clementi Foundation joins in the Estate's claims.

Plaintiffs also bring fraud-based claims, alleging Mr. Bride relied on statements promising safeguards, allegedly contained in Yolo's Terms of Service ("TOS"); LMK's Guidelines, TOS, and Privacy Policy; and Snap's App Review Guidelines, which are

intended for use only by Snap Kit third-party app developers. The separate TOS for Snapchat's users warns users they may be exposed to offensive content for which Snap is not responsible. Kristin Bride has sought to disavow the TOS on behalf of Carson.

Plaintiffs bring these claims on behalf of three national classes and two state subclasses. Virtually all of the purported class members are bound by an arbitration clause and a class action waiver in Snap's Terms of Service, making certification of any class in this matter improper. As detailed in Defendants' motions to dismiss, all of Plaintiffs' claims are barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("CDA"), and fail for other reasons. Defendants deny any liability.

2. **LEGAL ISSUES**

  a. Whether Defendants have any valid defenses, including but not limited to whether Plaintiffs' claims are barred by the CDA and whether Defendants' contractual terms with their users bar claims (including the ability to litigate this matter in District Court and the ability to proceed on a class wide basis) asserted by Plaintiffs and the putative class.

  b. Whether Snap's representations made to third-party commercial app developers contained any misrepresentations and, even if they did, whether Plaintiffs actually and justifiably relied upon any such representations;[1]

  c. Whether Plaintiffs have adequately pleaded their state law claims for strict liability, negligence, fraudulent misrepresentation, negligent misrepresentation, unjust enrichment, injunctive relief, and violations of consumer protection laws. California Business and Professional Code §§17200 & 17500 *et seq.*; New

---

[1] It is Plaintiffs' position that actual reliance is not a necessary requirement under the New York General Business Law §§ 349-350 and Oregon Revised Statutes §§ 646.605 *et seq.*

York General Business Law §§ 349-350 *et seq*.; Oregon Revised Statutes §§ 646.605 *et seq*.

    d. Whether all Plaintiffs have Article III standing to pursue their claims.

    e. Whether class certification is appropriate.

3. **DAMAGES:**

Plaintiffs seek monetary damages exceeding $5,000,000 to be determined by proof of all injuries and damages described herein and to be proven at trial including actual and statutory damages; punitive damages to be proven at trial; restitution and disgorgement; Declaratory relief; Injunctive relief, Plaintiffs' costs, attorneys' fees, consultant and expert fees, and other expenses included expenses incurred for services rendered to Carson Bride including memorial services; and any other relief that the court deems proper.

Defendants deny any liability and deny that any relief is appropriate. At this early stage of the proceeding, Defendants are not in a position to advance any methodology for how damages, if any, should be calculated, notwithstanding Defendants' federal statutory immunity under the CDA.

4. **INSURANCE:**

    a. **Snap**

The following entities provide liability insurance to Snap:

    1. AIG

    2. Allied World Assurance Company

    3. American Fire & Casualty

    4. Endurance Risk solutions Insurance Company

    5. Allianz

    b. **Lightspace**

Lightspace does not have any applicable insurance coverage.

   c. **Yolo**

Yolo does not have any applicable insurance coverage.

5. **MOTIONS:**

   a. Prior Motions:

   This case was originally filed in the Northern District of California on May 10, 2021. On July 12, 2021, Defendants filed a Joint Motion to Transfer to the Central District of California. ECF No. 31. On July 26, 2021, Plaintiffs filed their Opposition to the Motion to Transfer. ECF No. 37. On August 2, 2021, Defendants filed their Reply in Support of the Motion to Transfer. ECF. No. 39. On August 9, 2021, this case was transferred to the Central District of California.

   b. Pending Motions:

   On September 8, 2021, each Defendant filed a motion to dismiss. ECF Nos. 71-77. All three motions to dismiss are noticed for hearing on November 22, 2021. Pursuant to the Parties' Joint Stipulation, ECF No. 59, so ordered by this Court, ECF No. 60, Plaintiffs will either file an opposition to Defendants' motions or file an Amended Complaint on or before October 13, 2021.

   On September 27, 2021, Defendants will file a Joint Motion to Stay Discovery (ECF No. 79), which will be noticed for hearing on October 25, 2021.

   c. Last Day to File Amended Pleadings:

*Plaintiffs' Statement:*

Plaintiffs may file an Amended Complaint within 180 days from the time that all Defendants in the case have filed an answer.

*Defendants' Statement*:

Defendants reserve the right to oppose any proposed amendments and respectfully request that the Court set a deadline of 30 days from the time Defendants have answered for Plaintiffs to add any new parties or claims, with leave of the Court.

6. **DISCLOSURES**

The parties conferred pursuant to Rule 26(f) on September 20, 2021.

*Plaintiffs' Statement:*

Plaintiffs intend to seek limited discovery from one or more of the Defendants on issues relevant to the amendment of the pleadings and motions to dismiss, including, but not limited to: (1) any collaboration and licensing agreements that delineate responsibility or indemnification among the Defendants; (2) any documents related to financial revenue gained by Defendants deriving from each of the anonymous apps; (3) any documents related to any customer complaints and problems arising from the use of anonymous apps by teenagers; and (4) any data retention policies regarding the identities of anonymous app users. Parties will make effort to come to a potential stipulation regarding the stay of discovery

*Defendants' Statement*:

Defendants have filed a joint motion to stay discovery. As detailed in that motion, because Defendants' motions to dismiss will eliminate all of Plaintiffs' claims, and because no discovery is needed to adjudicate these motions, a stay of discovery will ensure that discovery is appropriately tailored and conserve the resources of the parties and the Court.

Although Plaintiffs suggest that they seek "limited discovery" to enable them to amend the pleadings and respond to the motions to dismiss, the discovery sought is quite broad and the parties are unlikely to reach any stipulation concerning a stay of discovery. Consequently, an order staying discovery is appropriate pending resolution of all motions

to dismiss.

It is Defendants' position that initial disclosures, like other discovery, are not appropriate at this juncture, given the applicability of the CDA and the immunity it offers not only to liability but also the burdens of litigation, including discovery. *See, e.g., Gonzalez v. Twitter*, Inc., No. 4:16-cv-03282 (N.D. Cal. Sept. 21, 2016) (minute order staying all discovery pending resolution of a Section 230 motion to dismiss after defendant had properly objected "during the [Rule 26(f)] conference that initial disclosures are not appropriate in this action"); *Boston Telecomms. Grp. Inc. v. Wood*, 2008 WL 1341168, at *2 (N.D. Cal. Apr. 9, 2008) (recognizing that, in lieu of serving initial disclosures, a defendant could state his objection to providing initial disclosures pending resolution of a motion to dismiss). As such, neither Plaintiffs nor Defendants should be required to make initial disclosures at this time. Should the motion to stay discovery be denied, Defendants will serve initial disclosures within seven days, and will expect Plaintiffs to do the same.

**7. DISCOVERY**

  a. **Discovery taken to date:**

No discovery has taken place to date.

  b. **Scope of anticipated discovery:**

*Plaintiffs' Statement*

Plaintiffs anticipate significant document and deposition practice. The targeted areas of document discovery may include, but are not be limited to: (1) information re Snapchat, Yolo, and LMK's ("Apps") ability to detect bullying and harassing behavior by users including AI and human monitors; (2) methods used by Apps to implement their community guidelines and policies including blocking and suspending accounts; (3) methods used to detect, categorize, and respond to emergency situations such as imminent

harm and illegal conduct among users; (4) all other content moderation practices, (5) process of collecting user data, types of user data collected and how it is used, (6) internal communication regarding customer feedback and contact; (7) internal communication regarding user safety; (8) communications and all agreements between Snap Inc. and other Defendants regarding the Snap Kit Review processes, platform integrity, and all other collaborative operations; (9) communications and all agreements between Snap Inc. and other Defendants leading to temporary suspension of the Apps; (10) all studies, reports, analyses, data, compilations, and other similar information within the possession, custody, or control of Defendants concerning, relating to, or involving the marketing, advertising, development, implementation, creation, and partnership between Defendants and their media partners; (11) all user feedback logs relevant to anonymous apps and third party apps; (12) accounts and data associated with representative Plaintiffs accumulated to date as well as accounts and data associated with specific messages that were incorporated in the complaint.

Plaintiffs anticipate expert discovery on social media policy and compliance, teen social media and harm caused, and technical infrastructure of the Apps with respect to the inherently dangerous design.

*Defendants' Statement*

As detailed in Defendants' motion to stay discovery, Defendants do not believe any discovery is appropriate until the resolution of Defendants' pending motions to dismiss, and, if necessary, any subsequent motions to dismiss. If and when discovery commences, Defendants anticipate taking at least the following party discovery: (a) Plaintiffs' interactions with the Yolo, LMK, and Snapchat applications; (b) Plaintiffs' adequacy and typicality as class representatives; (c) the injury Plaintiffs claim and the causes of those injuries; (d) contracts Plaintiffs entered into with Defendants; and (e) any

representations of Defendants that Plaintiffs claim they relied upon. Defendants may rely upon expert testimony at the class certification and merits stages, but the subject of any such testimony will depend upon the Court's rulings on Defendants' motions to dismiss and any expert testimony relied upon by Plaintiffs.

c. **Proposed limitations or modifications of the discovery rules:**

*Plaintiffs' Statement:*

Plaintiffs anticipate needing more than 10 depositions, and most of the depositions taken by remote means. Plaintiffs anticipate needing more than 25 interrogatories. Should any Defendants seek to stay discovery pending the resolution of any motions to dismiss, Plaintiffs intend to object.

*Defendants' Statement:*

Defendants do not believe any modifications of the default discovery limits imposed under the Federal Rules of Civil Procedure are necessary, except that Defendants believe discovery should be stayed pending resolution of Defendants' recently filed motions to dismiss, and any future motions to dismiss, as set forth in their motion to stay discovery.

d. **Proposed time of expert witness disclosures:**

The parties propose the following deadlines for expert witness disclosures: Plaintiffs will disclose their experts in support of their motion for class certification by August 1, 2022, and Defendants will disclose their experts in opposition to Plaintiffs' motion for class certification by September 5, 2022. For merits experts, the party bearing the burden on the issue will disclose its experts by February 27, 2023, and the party not bearing the burden on the issue will disclose its rebuttal experts by March 13, 2023.

e. **Whether parties have considered entering into a stipulated e-discovery order:**

The parties anticipate stipulating to a protocol governing ESI discovery in this matter.

   f. **Whether the court should enter other orders:**

If and when discovery begins, the parties intend to agree to a stipulated protective order that they will present to the Court for approval.

*Plaintiffs' Statement*

Plaintiffs seek limited discovery on factual issues bearing upon the amendment of the pleadings and responding to the motions to dismiss. Parties will make effort to come to a potential stipulation to the stay of discovery motion.

*Defendants' Statement*

After meeting and conferring with Plaintiffs' counsel on the issue, Defendants have determined that the parties are unlikely to agree to a stipulation regarding discovery at this time, and an order staying all discovery is appropriate for the reasons described in Defendants' motion to stay discovery.

8. **DISPOSITIVE MOTIONS AND CLASS ACTION CERTIFICATION MOTIONS**

Motions for class certification will be filed by November 14, 2022, according to Plaintiffs' proposal, and October 3, 2022, according to Defendants' proposal. The parties propose that dispositive motions be filed by June 26, 2023.

Snap anticipates moving for summary judgment on one or more of the following issues: (1) whether Snap made the "misrepresentation" alleged in Plaintiffs' Complaint; and (2) whether Plaintiffs can establish the alleged harm was proximately caused by any action by Snap.

Snap may seek summary judgment on different or additional issues depending on the discovery obtained and/or rulings that occur during the case.

Lightspace anticipates moving for summary judgment on grounds similar to those identified above by Snap, and Lightspace may also seek summary judgment on different or additional issues depending on the discovery obtained and/or rulings that occur during the case.

Yolo also anticipates moving for summary judgement, depending upon the court's rulings in this case and discovery.

### 9. SETTLEMENT AND ADR

The parties have conferred on this issue and agree that mediation in some form is anticipated in this case. All parties have previously filed ADR certifications before this case was transferred from the Northern District to the Central District. See ECF Nos. 33–36.

Pursuant to this Court's Order and Local Rule 16-15, Plaintiffs believe that, because the core of any resolution must include binding policy changes and thorough disclosure of the policies and practices currently employed by Defendants, an early settlement is unlikely to happen. Hence, Plaintiffs would opt for **ADR Procedure No. 1 (Mediation or settlement conferences by magistrate judges)** after fact discovery is complete.

Defendants agree that mediation would be premature at this time but are willing to engage in **ADR Procedure No. 3 (Private Dispute Resolution)** when appropriate.

### 10. TRIAL ESTIMATE:

a. **Plaintiffs:** Plaintiff estimates 15 court days will be required for a jury trial. Plaintiff contemplates calling the representative Plaintiffs, 4-5 witnesses per Defendant and 3-5 experts.

b. **Defendants:** At this early stage, Defendants are unable to realistically determine the number of witnesses, trial length, because the claims at issue

have yet to be determined. For the same reason, Defendants also believe it would be premature to determine whether trial will be a jury or bench trial.

## 11. TIMETABLE

The Court has scheduled a Case Management Conference for October 4, 2021.

Due to the complex nature of this case, which involves three purported national classes and two state sub-classes and ten causes of action, the pending Motions to Dismiss, and the fact that the pleadings are still subject to dismissal and possible amendment, the Parties believe that good cause exists for the Court set a trial date that is 24 months after the case management conference. A Timetable has been attached to reflect the Parties' requests in **Exhibit A** attached to this report. This Timetable reflects the parties' proposed schedule, assuming that the Court does not grant Defendants' pending motion to stay discovery or that such a stay has no effect on the overall case schedule. In the event that the Court grants Defendants' motion to stay discovery and such a stay requires changes to the case schedule, the parties will file a revised joint statement promptly after the stay is lifted.

## 12. CONFLICTS

For Defendant Yolo Technologies, Inc., no parent corporation and no publicly held corporation owns 10% or more of its stock. The following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Greg Henrion: Co-Founder of Defendant Yolo Technologies, Inc.
2. Clement Raffenoux: Co-Founder of Defendant Yolo Technologies, Inc.
3. Thrive Capital: Board Member of Defendant Yolo Technologies, Inc.

Snap has no parent corporation and no publicly held corporation owns 10% or more of its stock.

For Lightspace, Lookwide, Inc., is the parent company of Lightspace, Inc. Lightspace has a wholly-owned subsidiary, Mindtea HK, which is based in Hong Kong. Mindtea HK in turn has a wholly-owned subsidiary Shuge Technology, based in Hangzhou, China.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have declined to proceed before a Magistrate Judge.

**14. OTHER ISSUES**

At this stage, the parties agree that this case need not be referred to a special master or a Judicial Panel on Multidistrict Litigation. However, Defendants reserve the right to move to compel arbitration if discovery regarding the purported class supports such a motion.

The parties have no other issues to raise at this time.

Dated: September 27, 2021            EISENBERG & BAUM, LLP

                                     By:  /s/*Juyoun Han*
                                          Juyoun Han
                                          Attorney for Plaintiffs

Dated: September 27, 2021            KEKER, VAN NEST & PETERS LLP

                                     By:  /s/*Matan Schacham*
                                          Matan Shacham
                                          Attorneys for Defendant SNAP INC.

Dated: September 27, 2021          DENTONS US LLP


                                    By:  /s/*Nick S. Pujji*
                                         Nick S. Pujji
                                         Attorney for Defendant
                                         YOLO TECHNOLOGIES INC.


Dated: September 27, 2021          BECKAGE


                                    By:  /s/*Myriah V. Jaworski*
                                         Myriah V. Jaworski
                                         Attorney for Defendant
                                         LIGHTSPACE, INC.


## FILER'S ATTESTATION

I, Matan Shacham, am the ECF user whose identification and password are being used to file this document. Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that the above other named signatories concur in this filing.


                                    */s/ Matan Shacham*
                                    Matan Shacham

# EXHIBIT A : TIMETABLE

| Matter | Time | Weeks Before Trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) Estimated length: 15 days | 8:30 a.m. (Tuesdays) | | October 3, 2023 (Tuesday) | | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed Voir Dire Qs and Agreed−to Statement of Case | 11:00 a.m. (Mondays) | -2 September 18, 2023 (Monday) | September 18, 2023 (Monday) | | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | -3 September 11, 2023 (Monday) | September 11, 2023 (Monday) | | |

15

| Event | | | | |
|---|---|---|---|---|
| Last day for hand−serving Motions in Limine | | -6 August 21, 2023 (Monday) | August 21, 2023 (Monday) | |
| Last day for hearing motions | 1:30 p.m. (Mondays) | -7 August 14, 2023 (Monday) | July 24, 2023 (Monday) | |
| Last day for hand−serving motions and filing (other than Motions in Limine). | | -11 (Monday) | June 26, 2023 (Monday) | |
| Non−expert Discovery cut−off | | -15 (Monday) | May 29, 2023 (Monday) | (see below) |
| Merits expert Discovery Cut-off | | | April 30, 2023 | June 12, 2023 (Monday) |
| Disclosure of Merits Rebuttal Expert Reports | | | April 16, 2023 | May 15, 2023 (Monday) |
| Disclosure of Merits Opposition Expert Reports | | | April 2, 2023 | May 1, 2023 (Monday) |
| Disclosure of Merits Expert Reports by Party Bearing the Burden on the Issue | | | March 19, 2023 | April 3, 2023 (Monday) |
| Deadline for party not bearing the burden on the issue to | | | Agreed | March 13, 2023 (Monday) |

| | | | | | |
|---|---|---|---|---|---|
| disclose the names, curriculum vitae, and a brief description of the subject areas of expected testimony for all rebuttal experts | | | | | |
| Deadline for party bearing the burden on the issue to disclose the names, curriculum vitae, and a brief description of the subject areas of expected testimony for all experts | | | Agreed | February 27, 2023 (Monday) | |
| Last day to conduct settlement conference | | | March 1, 2023 | Agreed | |
| Non−expert Discovery cut−off | | | (see above) | February 6, 2023 (Monday) | |
| Deadline for Plaintiff to file Reply in Support of | | | January 9, 2023 (Monday) | December 5, 2022 (Monday) | |

17

JOINT RULE 26(f) REPORT
Case No. 2:21-cv-06680-JVS-MRW

| | | | | | |
|---|---|---|---|---|---|
| Motion for Class Certification | | | | | |
| Deadline for Defendants to file Opposition to Motion for Class Certification and all supporting declarations, evidence, and other papers | | | December 12, 2022 (Monday) | November 14, 2022 (Monday) | |
| Deadline for Plaintiff to file Motion for Class Certification and all supporting declarations, evidence, and other papers | | | Nov. 14, 2022 (Monday) | October 3, 2022 (Monday) | |
| Deadline for Defendants to disclose the names, curriculum vitae, and a brief description of the subject areas of expected testimony for all experts in opposition to | | | Agreed | September 5, 2022 (Monday) (Reports due upon filing opposition) | |

| | | | | | |
|---|---|---|---|---|---|
| motion for class certification | | | | | |
| Deadline for Plaintiff to disclose the names, curriculum vitae, and a brief description of the subject areas of expected testimony for all experts in support of motion for class certification | | | Agreed | August 1, 2022 (Monday) (Reports due upon filing motion) | |
| Last day to amend pleadings or add parties (with leave of court) | | | 180 days after all Defendants file an Answer | 30 days after all Defendants file an Answer | |