KEKER, VAN NEST & PETERS LLP
PAVEN MALHOTRA #258429
pmalhotra@keker.com
MATAN SHACHAM #262348
mshacham@keker.com
VICTOR CHIU #305404
vchiu@keker.com
MARIA F. BUXTON #318563
mbuxton@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant SNAP INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

The Estate of Carson Bride by and through his appointed administrator, KRISTIN BRIDE, and TYLER CLEMENTI FOUNDATION, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

SNAP INC., YOLO TECHNOLOGIES, INC., LIGHTSPACE, INC., DOES #1-10,

Defendants.

Case No. 2:21-cv-06680-JVS-MRW

**NOTICE OF JOINT MOTION AND JOINT MOTION BY DEFENDANTS TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTIONS UNDER FED. R. CIV. P. 12(B); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Judge: James V. Selna
Date: October 25, 2021
Time: 1:30 p.m.
Ctrm: 10C

Date Filed May 10, 2021

Trial Date: None set

**JOINT NOTICE OF MOTION AND MOTION TO STAY DISCOVERY**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on October 25, 2021 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 10C of the above-entitled court, located at 411 West 4th Street, Santa Ana, California, 92701-4516, Defendants Snap Inc., Yolo Technologies, Inc., and LightSpace, Inc. will and hereby do move the Court for an order staying discovery in this case, including the parties' discovery and disclosure obligations under Federal Rule of Civil Procedure 26, pending the Court's ruling on the dispositive motions that Defendants have filed under Federal Rule of Civil Procedure 12(b) and any subsequent motions to dismiss under Federal Rule of Civil Procedure 12(b).

This joint motion is based upon this notice of joint motion and joint motion, the attached memorandum of points and authorities, the pleadings and papers on file in this action, including, in particular, Defendants' motions to dismiss, any argument in connection with the joint motion, and such further evidence or arguments as the Court may consider.

This joint motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on September 20, 2021. During that telephone conference, Defendants' counsel discussed with Plaintiffs' counsel their intention to file this joint motion and their grounds for doing so. Defendants understand from the conference that Plaintiffs will oppose this motion.

\\

\\

\\

\\

\\

\\

\\

Dated: September 27, 2021

KEKER, VAN NEST & PETERS LLP

By: */s/ Matan Shacham*
Paven Malhotra
Matan Shacham
Victor Chiu
Maria F. Buxton

Attorneys for Defendant SNAP INC.

Dated: September 27, 2021

DENTONS US LLP

By: */s/ Nick S. Pujji (with permission)*
Nick S. Pujji

Attorney for Defendant YOLO TECHNOLOGIES INC.

Dated: September 27, 2021

BECKAGE

By: */s/ Myriah V. Jaworski (with permission)*
Myriah V. Jaworski
Chirag Patel

Attorney for Defendant LIGHTSPACE, INC.

# TABLE OF CONTENTS

**Page**


MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

I. Introduction ........ 1

II. Background ........ 2

A. The Complaint's allegations ........ 2

B. Procedural history ........ 3

III. Legal Standard ........ 5

IV. Argument ........ 6

A. Defendants' motions to dismiss will dispose of all claims ........ 6

B. Defendants' motions to dismiss may be decided without discovery ........ 9

C. The other factors, if they are considered at all, support staying discovery ........ 11

1. There is an immediate and clear possibility that Defendants' motions to dismiss will be granted ........ 11

2. This action is complex, and Defendants expect that discovery will be broad ........ 12

3. All defendants seek a stay of discovery ........ 13

4. This action is in its early stages ........ 13

5. Defendants have not asserted any counterclaims or crossclaims ........ 13

6. Defendants are not aware of any other relevant circumstances that would weigh against a discovery stay ........ 13

V. Conclusion ........ 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*,
5 F.3d 378 (9th Cir. 1993) ........ 8

*Amey v. Cinemark USA Inc.*,
2013 WL 12143815 (C.D. Cal. Oct. 18, 2013) ........ 6, 11, 12, 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 9

*B.R.S. Land Investors v. United States*,
596 F.2d 353 (9th Cir. 1979) ........ 5

*Barnes v. Yahoo!, Inc.*,
570 F.3d 1096 (9th Cir. 2009) ........ 6, 7

*Camacho v. United States*,
2014 WL 12026059 (S.D. Cal. Aug. 15, 2014) ........ 13

*Carafano v. Metrosplash.com, Inc.*,
339 F.3d 1119 (9th Cir. 2003) ........ 2, 7, 8

*Cross v. Facebook, Inc.*,
14 Cal. App. 5th 190 (2017) ........ 9

*Dyroff v. Ultimate Software Grp., Inc.*,
934 F.3d 1093 (9th Cir. 2019) ........ 7

*Eclectic Properties E., LLC v. Marcus & Millichap Co.*,
751 F.3d 990 (9th Cir. 2014) ........ 11

*Ezra v. Am. Online Inc.*,
1998 WL 896459 (D.N.M. July 16, 1998) ........ 1, 7

*Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*,
521 F.3d 1157 (9th Cir. 2008) (en banc) ........ 8

*Fields v. Twitter*,
3:16-cv-00213-WHO, Dkt. 28 (N.D. Cal. Apr. 7, 2016) ........ 1, 7

*Gonzalez v. Google, Inc.*,
282 F. Supp. 3d 1150 (N.D. Cal. 2017)....................7

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
192 F.R.D. 284 (S.D. Cal. 2000)....................12

*In re iPhone Application Litig.*,
2011 WL 4403963 (N.D. Cal. Sept. 20, 2011)....................9

*Jane Doe, et al. v. Reddit, Inc.*,
8:21-cv-00768-JVS, Dkt. 35 (C.D. Cal. July 12, 2021)....................*passim*

*Jones v. Dirty World Entm't Recordings LLC*,
755 F.3d 398 (6th Cir. 2014)....................8

*Kimzey v. Yelp! Inc.*,
836 F.3d 1263 (9th Cir. 2016)....................9

*Little v. City of Seattle*,
863 F.2d 681 (9th Cir. 1988)....................8

*Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*,
288 F.R.D. 500 (D. Nev. 2013)....................11

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
591 F.3d 250 (4th Cir. 2009)....................2, 8

*Nguyen v. BMW of N. Am., LLC*,
2021 WL 2284113 (S.D. Cal. June 4, 2021)....................13

*Quezambra v. United Domestic Workers of Am. AFSCME Local 3930*,
2019 WL 8108745 (C.D. Cal. Nov. 14, 2019)....................9

*Rutman Wine Co. v. E. & J. Gallo Winery*,
829 F.2d 729 (9th Cir. 1987)....................2, 9

*SSI (U.S.), Inc., d/b/a Spencer Stuart et al., v. Korn Ferry et al.*,
2:21-cv-02073-JVS, Dkt. 28 (C.D. Cal. May 25, 2021)....................11

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007)....................10

*Wood v. McEwen*,
644 F.2d 797 (9th Cir. 1981)....................5

**Statutes**

Communications Decency Act, 47 U.S.C. § 230 .......................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 26 .......................................................................... 3, 5, 12

Local Rule 7-3 .......................................................................... 4, 5, 10

Local Rule 7-10 .......................................................................... 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Defendants Snap Inc., Yolo Technologies, Inc., and LightSpace, Inc. have moved to dismiss each of Plaintiffs' claims. Dkts. 71, 72, 76. Plaintiffs have sued Snap, Yolo, and LightSpace—the makers of the Snapchat, Yolo, and LMK mobile apps, respectively—seeking to hold them liable for harassing, anonymous messages that 16-year-old Carson Bride received on the Yolo and LMK apps from his Snapchat contacts. According to the Complaint, Carson tragically took his own life because of those messages. As detailed in Defendants' motions to dismiss, the Communications Decency Act ("CDA") bars all of Plaintiffs' claims. The CDA forbids lawsuits that seek to hold operators of internet platforms—such as Snap, Yolo, and LightSpace—liable for harms caused by user-generated content. Plaintiffs' lawsuit is just that. *See* Dkt. 72 at 16–25; *accord* Dkt. 71 at 11–19; Dkt. 76-9 at 6–9. Defendants' motions also detail several other fundamental pleading deficiencies, including failure to state a claim and lack of Article III standing. *See* Dkt. 72 at 25–34; *accord* Dkt. 71 at 19–33; Dkt. 76-9 at 9–18.

Defendants have noticed the hearing on their motions to dismiss for November 22, 2021—the earliest possible date under the parties' stipulated briefing schedule and the Local Rules. But Plaintiffs have made clear they intend to seek broad discovery and are unwilling to stay that discovery pending the motions to dismiss.

Both this Court and courts around the country have stayed discovery in similar circumstances, pending resolution of motions to dismiss based on CDA immunity. *E.g., Jane Doe, et al. v. Reddit, Inc.*, 8:21-cv-00768-JVS, Dkt. 35 (C.D. Cal. July 12, 2021); *Gonzalez v. Twitter*, 4:16-cv-03282-DMR, Dkts. 37, 47 (N.D. Cal. Sept. 21, 2016); *Fields v. Twitter*, 3:16-cv-00213-WHO, Dkt. 28 (N.D. Cal. Apr. 7, 2016); *Ezra v. Am. Online Inc.*, 1998 WL 896459, at *2–3 (D.N.M. July 16, 1998). Such stays promote the core purpose of the CDA. The CDA provides

"immunity from suit," *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1125 (9th Cir. 2003), which must be "accorded effect at the first logical point in the litigation process," *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009). More generally, the Ninth Circuit has recognized that "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

Because Defendants' motions will eliminate all of Plaintiffs' claims, and because no discovery is needed to adjudicate these motions, a stay will ensure that discovery is appropriately tailored and conserve the resources of the parties and the Court. Accordingly, Defendants respectfully request that the Court stay discovery until such time as the challenges to the pleadings are resolved.

## II. Background

### A. The Complaint's allegations

Snap is the developer of Snapchat, a camera application for cell phones. *See* ¶ 49.[1] Snapchat opens to an online camera that lets users create videos, photos, and augmented reality images called "snaps." Users can share these images to other Snapchat users or post them to their Snapchat friends with the "Stories" feature. *Id.*

Snap has opened its platform to select third-party commercial app developers through a program called "Snap Kit." *See* ¶ 139. Yolo and LMK, created by Yolo and LightSpace, utilized Snap Kit. ¶¶ 42–43. Neither Yolo nor LMK is part of the Snapchat app itself. Both are separate apps that users must download separately.

Yolo and LMK offered tools for their users, such as Carson, to create digital

[1] Throughout this brief, unless otherwise indicated: (1) paragraph (¶) references are to the Complaint, filed May 10, 2021 (Dkt. 1); (2) section (§) references are to Title 47 of the U.S. Code; (3) all citations to "Dkt." cite to page numbers as stamped by ECF; and (4) emphases were added to quotations, while internal quotation marks, alterations, footnotes, and citations were omitted from them.

stickers featuring questions or polls. ¶¶ 88–89, 119. Carson downloaded and used the Yolo and LMK apps to create stickers featuring questions or polls, which he then posted to his Snapchat Stories. ¶¶ 69, 73–74, 120. Carson allegedly received anonymous, harassing responses on both the LMK and Yolo apps. *See* ¶¶ 74–85; 120–122. Plaintiffs do not identify any harassing messages (or any messages) that Carson received on Snapchat. ¶¶ 136–158. Plaintiffs allege that the harassing responses Carson received on Yolo and LMK led him to take his own life. ¶¶ 66–68.

There are three plaintiffs: (1) the Estate of Carson Bride, through its administrator Kristin Bride, Carson's Mother ("the Estate"); (2) Ms. Bride individually; and (3) the Tyler Clementi Foundation ("the Foundation"), an anti-bullying advocacy group. Plaintiffs assert ten causes of action in total, including claims for strict liability; negligence; fraudulent misrepresentation; negligent misrepresentation; statutory violations of the Oregon Unlawful Trade Practices Act; New York General Business Law §§ 349 and 350; California Business & Professions Code §§ 17200 and 17500; unjust enrichment; and injunctive relief. *See* Dkt. 72-2 (chart summarizing causes of action asserted by Plaintiffs).

Plaintiffs seek to bring their claims on behalf of two national classes and two state-specific (Oregon and New York) sub-classes.

**B. Procedural history**

Plaintiffs filed their Complaint on May 10, 2021 in the Northern District. Dkt. 1. Defendants moved to transfer the case to the Central District. Dkt. 31. The parties conducted their Rule 26(f) conference, in advance of the case management conference originally set in the Northern District for August 12. Dkt. 14.

On August 9, Defendants' request to transfer was granted, Dkt. 45, and the case was assigned to this Court, Dkt. 50. A day after assignment, the parties stipulated to a briefing schedule for the motions, and, if necessary, for a subsequent round of motions to dismiss. Dkt. 59 at 2–3. The Court granted the parties'

stipulation. Dkt. 60.

On September 8, Snap, Yolo, and LightSpace moved to dismiss all of Plaintiffs' claims. Dkts. 71, 72, 76-9. Defendants noticed their motions to dismiss for a hearing on November 22, the earliest possible date available based on the parties' stipulation. *See* L.R. 7-10. Defendants' motions to dismiss are based on CDA immunity, Dkt. 72 at 16–25; *accord* Dkt. 71 at 11–19; Dkt. 76-9 at 6–9, as well as several other independent pleading defects, Dkt. 72 at 25–34; *accord* Dkt. 71 at 19–33; Dkt. 76-9 at 9–18. Under the parties' stipulation, Plaintiffs have until October 13 either to oppose the motions to dismiss or to amend their complaint. Dkt. 60 at 2. If Plaintiffs oppose Defendants' motions, their reply is due on November 3. *Id.* If Plaintiffs choose to file an amended complaint, Defendants will move to dismiss the amended complaint 45 days after the amended complaint is filed. *Id.*

On September 20, the parties met and conferred again, pursuant to Local Rule 7-3. Declaration of Matan Shacham in Support of Defendants' Joint Motion to Stay Discovery ("Shacham Decl.") ¶ 3. Counsel for Snap informed Plaintiffs' counsel that Defendants intended to file a motion to stay discovery on September 27, concurrently with the parties' joint case management statement and asked if Plaintiffs would agree to stay discovery pending resolution of the pending motions to dismiss and/or subsequent motions to dismiss. *Id.* Plaintiffs' counsel stated that they would not agree to such a stay. *Id.*

On September 27, counsel for Plaintiffs proposed that they would stay discovery for some topics if they could obtain, prior to amending their complaint, discovery on other topics, including financial data, documents concerning complaints about anonymous messaging apps, collaborations and/or licensing agreements between the Defendants, and where certain data is maintained. *Id.* ¶ 4. Plaintiffs asserted that this discovery bears "upon the amendment of the pleadings and responding to the motions to dismiss." *Id.* Counsel for Snap informed counsel

for Plaintiffs that they disagreed with this proposal and would proceed with filing the motion to stay discovery. *Id.*

In their portion of the parties joint Rule 26(f) statement, filed September 27, 2021, Plaintiffs stated that they "anticipate significant document and deposition practice." Dkt. 78 at 8. Plaintiffs plan to seek, among other things, "internal communication[s] regarding user safety" and "all studies, reports, analyses, data, compilations, and other similar information . . . concerning, relating to, or involving the marketing, advertising, development, implementation, creation, and partnership between Defendants and their media partners." *Id.* at 9.

## III. Legal Standard

This Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, including time and place . . . for . . . discovery." Fed. R. Civ. P. 26(c)(1). To that end, the Court may "stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981); *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979).

Courts within the Ninth Circuit generally apply a two-part test in deciding whether to stay discovery pending a dispositive motion. Discovery may be stayed if "(1) the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed, and (2) the pending, potentially dispositive motion can be decided absent additional discovery." *Reddit*, 21-cv-00768-JVS, Dkt. 35 at 4 (quoting *Quezambra v. United Domestic Workers of Am. AFSCME Local 3930*, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019)).

Courts within this district may also consider other factors, such as (3) "whether, upon a preliminary analysis of the merits of the [dispositive] motion there appears to be an immediate and clear possibility that it will be granted;" (4) "the nature and complexity of the action;" (5) "whether counterclaims and/or cross-

claims have been asserted;" (6) "whether other defendants have joined the stay request;" (7) "the posture or stage of the litigation;" (8) "the expected extent of discovery;" and (9) "any other relevant circumstances." *Amey v. Cinemark USA Inc.*, 2013 WL 12143815, at *2 (C.D. Cal. Oct. 18, 2013).

## IV. Argument

The Court should stay discovery pending resolution of Defendants' motions to dismiss because (1) the motions to dismiss will dispose of this entire lawsuit and (2) these motions do not require additional discovery. If this Court were to consider the other discretionary factors, they also all favor staying discovery.

### A. Defendants' motions to dismiss will dispose of all claims

Defendants' pending motions to dismiss, if granted, will dispose of this entire case because the CDA forecloses all of Plaintiffs' claims. Plaintiffs' claims also suffer from additional pleading deficiencies that warrant dismissal.

The CDA bars Plaintiffs' lawsuit in its entirety. The CDA states that "[n]o provider . . . of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." § 230(c)(1). "No cause of action may be brought and no liability may be imposed under any State . . . law that is inconsistent with this section." § 230(e)(3).

The CDA immunizes a defendant from suit if (1) the defendant is a "provider . . . of an interactive computer service;" (2) the allegedly offending content was "provided by another computer content provider;" and (3) the claims seek to treat the defendant as the "publisher" of that content. § 230(c)(1); *see also Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100–01 (9th Cir. 2009).

As detailed in Defendants' motions to dismiss, all three elements are met. Plaintiffs seek to hold Snap, Yolo, and LightSpace (*i.e.*, providers of interactive computer services) liable for the harassing responses that Carson received from other users on Yolo and LMK and that they claim caused him to take his own life (*i.e.*, as publishers of others' allegedly harmful content). Dkt. 72 at 16–25 (Snap);

*accord* Dkt. 71 at 11–19 (Yolo); Dkt. 76-9 at 6–9 (LightSpace). Courts have repeatedly dismissed lawsuits like this one, which seek to hold internet platforms liable for harms caused by user-generated content. *See, e.g., Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1097–98 (9th Cir. 2019); *Carafano*, 339 F.3d at 1122–25 ; *Gonzalez v. Google, Inc.*, 282 F. Supp. 3d 1150, 1165 (N.D. Cal. 2017). Indeed, the CDA "shields from liability all publication decisions, whether to edit, ***to remove***, or ***to post***, with respect to content generated entirely by third parties." *Barnes*, 570 F.3d at 1105.

Courts regularly stay discovery in circumstances such as these, where a motion to dismiss based on CDA immunity is pending. This Court recently did that in *Reddit*, 8:21-cv-00768-JVS, Dkt. 35. There, plaintiffs sought to hold Reddit liable for user posts containing "sexually explicit videos and images of individuals under the age of 18." *Id.* at 1. The defendant moved to dismiss based, in part, on the CDA. *See* Dkt. 24 at 27–35. It also moved to stay discovery until resolution of its pending motion to dismiss or any subsequent motions to dismiss. *See* Dkt. 25 at 2. The Court granted the motion to stay. Dkt. 35. It applied the two-part test and held that the first part was satisfied because "[i]t is readily apparent that § 230 immunizes Reddit from many of Plaintiffs' claims," *id.* at 5, and because of other pleading defects with plaintiffs' claims. *Id.* at 11.

Likewise, other district courts in the Ninth Circuit have regularly stayed discovery when a defendant asserts CDA immunity in a dispositive motion. *E.g., Gonzalez*, 4:16-cv-03282-DMR, Dkts. 37, 47; *Fields*, 3:16-cv-00213-WHO, Dkt. 28. The same is true for other courts around the country. For instance, in *Universal Communication Systems, Inc. v. Lycos, Inc.*, the First Circuit held that the "district court did not err in not permitting preliminary discovery" based on the defendant's reliance upon the CDA. 478 F.3d 413, 425–26 (1st Cir. 2007); *see also Ezra v. Am. Online Inc.*, 1998 WL 896459, at *2–3. The Court should reach the same result here.

Indeed, staying discovery at this early stage of the case advances the core purpose of the CDA. The CDA is intended to provide not just immunity from liability, but "immunity from suit." *Carafano*, 339 F.3d at 1125; *Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398, 417 (6th Cir. 2014). The Ninth Circuit has instructed courts to "keep firmly in mind that [the CDA] is an immunity statute," *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1174 (9th Cir. 2008) (en banc), and that such immunity is "quite robust," *Carafano*, 339 F.3d at 1123. CDA immunity is thus "accorded effect at the first logical point in the litigation process." *Nemet Chevrolet*, 391 F.3d at 254. The CDA "must be interpreted to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles." *Roommates.com*, 521 F.3d at 1175. Issuing a stay on discovery until resolution of Defendants' motions to dismiss would do just that, reducing costs flowing from outsized discovery. In lawsuits implicating other forms of immunity, the Ninth Circuit has affirmed stays of discovery "until the issue of immunity was decided" because a stay "furthers the goal of efficiency for the court and litigants." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993).

In addition to CDA immunity, Defendants' pending motions to dismiss identify additional, independent deficiencies with Plaintiffs' claims that will result in dismissal. For example, the Estate's misrepresentation claims (and it statutory claims that hinge on the same alleged misrepresentation) fail for several reasons, including, among other things, that Plaintiffs do not allege that Carson actually relied on any statements by Defendants. *See* Dkt. 72 at 26; *accord* Dkt. 71 at 20; Dkt. 76-9 at 10. Plaintiffs' other claims suffer from various flaws as well, such as the unavailability of equitable relief, *see* Dkt. 72 at 29; lack of duty owed to Carson, *see id.* at 30–31; and lack of Article III standing for the Foundation, *see id.* at 34.

Courts faced with motions to dismiss based on similar pleading issues have

held that the first part of the two-factor test is met. *See Quezambra*, 2019 WL 8108745, at *2 (motions to dismiss were "potentially dispositive of the entire case as they raised arguments related to Article III standing, the adequacy of [Plaintiffs'] pleading, and [Plaintiffs'] ability to state a claim based on [their] allegations"); *Reddit*, 8:21-cv-00768-JVS, Dkt. 35 (staying discovery because of defendant's CDA defense and other pleading deficiencies with plaintiffs' complaint). The Court should conclude the same here.

**B. Defendants' motions to dismiss may be decided without discovery**

The second factor this Court considers in the stay analysis is whether "the pending, potentially dispositive motion can be decided absent additional discovery." *Quezambra*, 2019 WL 8108745, at *2. That is the case here. No discovery is needed to decide Defendants' motions.

"The purpose of [a motion to dismiss] is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine*, 829 F.2d at 738. As the Supreme Court has explained, a plaintiff may not "unlock the doors of discovery" based on defective pleadings. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

That should be particularly true here, where Defendants seek dismissal of all claims based on the CDA. Immunity under the CDA is a legal issue that courts regularly decide on motions to dismiss based solely on the pleadings. *E.g., Cross v. Facebook, Inc.*, 14 Cal. App. 5th 190, 206 (2017) (negligent misrepresentation); *In re iPhone Application Litig.*, 2011 WL 4403963, at *9 (N.D. Cal. Sept. 20, 2011) (negligent design). Defendants' motions establish that CDA immunity applies based solely on the pleadings in the Complaint. Plaintiffs cannot plead around CDA immunity, regardless of what discovery they obtain. *See* Dkt. 72 at 19–25 (explaining how Plaintiffs cannot plead around the CDA); *see also Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1266 (9th Cir. 2016) (affirming dismissal order and rejecting plaintiff's "effort to circumvent the CDA's protections through 'creative'

pleading”).

Plaintiffs’ last-minute proposal that they would stay discovery on certain subjects if they could obtain, prior to filing their amended complaint, discovery on certain other topics only confirms that no discovery is needed to resolve the motions to dismiss.[2] *See* Shacham Decl. ¶ 4. Plaintiffs have not explained how they would use this discovery to amend the allegations of their Complaint to avoid CDA immunity, and none of the topics of discovery identified by Plaintiffs—*i.e.*, financial data, documents concerning complaints about anonymous messaging apps, collaborations and/or licensing agreements between the Defendants, and where certain data is maintained—has any bearing on the issue of CDA immunity. In any event, the CDA was enacted to prevent these sorts of fishing expeditions. As the First Circuit held in affirming a district court’s discovery stay based on a CDA defense, a plaintiff “should not be permitted to conduct fishing expeditions in hopes of discovering claims that they do not know they have.” *Universal Commc’n Systems*, 478 F.3d at 425–26. That is exactly what Plaintiffs seek to do here.

Thus, as in *Reddit*, the Court need not “consult additional discovery” in resolving the motions to dismiss based on the CDA, and the second part of the two-part test is therefore satisfied. *See Reddit*, 8:21-cv-00768-JVS, Dkt. 35 at 11.

The Court also need not rely on discovery to resolve the other pleading defects raised in Defendants’ motions to dismiss. Those other pleading challenges are based solely on the Complaint and documents that are incorporated by reference into the Complaint and that are therefore appropriately considered on a motion to dismiss. Dkts. 73, 75, 77; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (courts may consider “documents incorporated into the complaint

[2] Plaintiffs informed Defendants that they sought such discovery on September 27—the date when Defendants would move to stay discovery. *See* Shacham Decl. ¶¶ 3–4. When the parties met-and-conferred pursuant on Local Rule 7-3 on September 20, Plaintiffs only stated that they would not agree to a stay of discovery. *Id.* ¶ 3.

by reference" on a motion to dismiss).

Because Defendants' motions do not require any discovery and because the purpose of a motion to dismiss is to ensure that "it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation," discovery should be stayed in this matter until resolution of the motions to dismiss. *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506–07 (D. Nev. 2013) (staying discovery because plaintiff did not "allege . . . that further discovery [was] necessary for the court to rule" on motions to dismiss).

**C. The other factors, if they are considered at all, support staying discovery**

Because Defendants have met the two-part test set forth above, the Court need go no further and should issue the discovery stay. *See Reddit*, 21-cv-00768-JVS, Dkt. 35; *SSI (U.S.), Inc., d/b/a Spencer Stuart et al., v. Korn Ferry et al.*, 2:21-cv-02073-JVS, Dkt. 28 at 5–7 (C.D. Cal. May 25, 2021). That said, some district courts within the Ninth Circuit consider additional factors. *See Amey*, 2013 WL 12143815, at *2. If the Court were to consider them, they all support staying discovery.

**1. There is an immediate and clear possibility that Defendants' motions to dismiss will be granted**

In deciding whether a stay should issue, some courts consider whether there is "an immediate and clear possibility" that the motion to dismiss will be granted. *Id.* Defendants have made this showing. In *Reddit*, where plaintiffs sought to hold an internet platform liable for user content, the Court found that "[it]s is readily apparent that § 230 immunizes [the defendant] from many of Plaintiffs' claims." *Reddit*, 8:21-cv-00768-JVS, Dkt. 35 at 5. The same is true here, where Plaintiffs similarly seek to hold Defendants liable for allegedly harassing messages that Carson received from other users on Yolo and LMK.

Thus, the "immediate and clear possibility" factor weighs in favor of staying discovery. *See GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 289 (S.D. Cal. 2000) (staying discovery because, among other things, defendant met this factor in a dispositive motion).

**2. This action is complex, and Defendants expect that discovery will be broad**

Some courts also consider (1) the "nature and complexity of [this] action" and (2) the scope of discovery in deciding whether to stay discovery pending resolution of a motion to dismiss. *Amey*, 2013 WL 12143815, at *2. Both factors weigh in favor of staying discovery.

Plaintiffs assert ten claims against Defendants arising under a patchwork of state laws. *See, e.g.,* Claim 5–8 (asserting claims under California, Oregon, and New York statutory law). Plaintiffs seek to certify three national classes and two state-specific (Oregon and New York) sub-classes. ¶¶ 26, 28, 160–162. Plaintiffs' proposed classes are also broad. For instance, one proposed class entails "[a]ll United States residents between the ages of 13 and 17, who are or were registered users of Snapchat between May 10, 2018 and the date of judgment in this action." ¶ 160. In short, the legal issues in this action are numerous and complex.

Defendants expect that Plaintiffs will request expansive discovery given their broad legal theories. Indeed, after the parties' Rule 26(f) conference, Plaintiffs stated that they "anticipate significant document and deposition practice" and seek broad swaths of documents, including "internal communication[s] regarding user safety" and "all studies, reports, analyses, data, compilations, and other similar information within the possession, custody, or control of Defendants concerning, relating to, or involving the marketing, advertising, development, implementation, creation, and partnership between Defendants and their media partners." Dkt. 78 at 9.

Because this action, as it stands, is complex and implicates broad discovery,

the Court should stay discovery until the proper scope of the Complaint is decided. *See Camacho v. United States*, 2014 WL 12026059, at *5 (S.D. Cal. Aug. 15, 2014) (staying discovery because it would "be an inefficient use of time and resources for the [defendant] to gather and produce information" for a claim that may be dismissed).

**3. All defendants seek a stay of discovery**

Another factor in deciding whether a stay should issue is "whether other defendants have joined the stay request." *Amey*, 2013 WL 12143815, at *2. All Defendants here seek a stay of discovery until resolution of their motions to dismiss. Given Defendants' unanimity, this factor favors staying discovery.

**4. This action is in its early stages**

"[T]he posture or stage of the litigation" factor further supports Defendants' request for a stay. *Id*. This action was filed on May 10, 2021 in the Northern District, Dkt. 1, and an order granting transfer to the Central District was issued on August 9, 2021, Dkt. 45. Defendants just moved to dismiss on September 8, 2021, Dkts. 71, 72, and 76, and no discovery has started. Thus, because this case is at its early stages, Plaintiffs will suffer no prejudice if discovery were stayed. *See Nguyen v. BMW of N. Am., LLC*, 2021 WL 2284113, at *4 (S.D. Cal. June 4, 2021) (staying discovery because, among other things, the "case has only been pending for six months").

**5. Defendants have not asserted any counterclaims or crossclaims**

The counterclaims or crossclaims factor weighs in favor of a stay. *Amey*, 2013 WL 12143815, at *2. Defendants have asserted neither at this point. Thus, a stay on discovery would not delay any discovery related to claims asserted by Defendants.

**6. Defendants are not aware of any other relevant circumstances that would weigh against a discovery stay**

Finally, Defendants are not aware of any other relevant circumstances that

require immediate discovery. Thus, this last factor weighs in favor of a stay.

## V. Conclusion

For all these reasons, the Court should stay discovery in this action until resolution of Defendants' motions to dismiss and, if Plaintiffs amend their Complaint, resolution of Defendants' subsequent motions to dismiss.

Dated: September 27, 2021

KEKER, VAN NEST & PETERS LLP

By: */s/ Matan Shacham*
Paven Malhotra
Matan Shacham
Victor Chiu
Maria F. Buxton

Attorneys for Defendant SNAP INC.

Dated: September 27, 2021

DENTONS US LLP

By: */s/ Nick S. Pujji*
Nick S. Pujji

Attorney for Defendant YOLO TECHNOLOGIES INC.

Dated: September 27, 2021

BECKAGE

By: */s/ Myriah V. Jaworski*
Myriah V. Jaworski
Chirag Patel

Attorneys for Defendant LIGHTSPACE, INC.

**FILER'S ATTESTATION**

I, Matan Shacham, am the ECF user whose identification and password are being used to file this document. Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that the above other named signatories concur in this filing.

*/s/ Matan Shacham*
Matan Shacham