UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-06680-FWS-MRW Date: October 21, 2022
Title: Kristin Bride, *et al.* v. Snap Inc., *et. al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Melissa H. Kunig | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING DEFENDANTS' JOINT MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTIONS UNDER FED. R. CIV. P. 12(B)(6) [79]**

Before the court is Defendants Yolo Technologies, Inc. ("Yolo") and LightSpace Inc.'s ("LightSpace") (collectively, "Defendants") Joint Motion to Stay Discovery Pending Resolution of Dispositive Motions Under Fed. R. Civ. P. 12(b)(6). (Dkt. 79 ("Motion" or "Mot.").) Plaintiffs The Estate of Carson Bride by and through his appointed administrator, Kristin Bride, and Tyler Clementi Foundation, on behalf of themselves and all others similarly situated ("Plaintiffs") have not filed an Opposition. (*See generally* Dkt.)

The court held oral argument on this matter on September 29, 2022. (Dkt. 125.) Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion.

## I. Relevant Background

The court observes the procedural posture of this case is somewhat unique. Initially, then-Defendant Snap Inc. filed a motion to dismiss Plaintiffs' Complaint on September 8, 2021, in which LightSpace joined. (Dkts. 72, 76.) Yolo filed its own motion to dismiss on the same date, raising arguments similar to those in Snap's motion to dismiss. (*Compare* Dkts. 71, *with* 72.) The Motion followed on September 27, 2021. (Dkt. 79.) After the court granted numerous stipulations seeking to extend the parties' deadlines to file an amended complaint,

deadlines to file oppositions to the Motion, and the dates of the hearings on the pending motions to dismiss and Motion to accommodate the parties' settlement discussions (*see* Dkts. 82-83, 86-90, 92, 94-95, 96-99, 105, 107), the parties eventually stipulated to dismiss Defendant Snap Inc. with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), (Dkt. 111).

Plaintiffs then filed a First Amended Complaint, (Dkt. 113), which LightSpace then moved to dismiss, (Dkt. 118). The court granted Plaintiffs' stipulation with Yolo to extend its time to respond to the First Amended Complaint to facilitate settlement negotiations, (*see* Dkts. 116-117), along with two further extensions of that deadline and another extension of the hearing on LightSpace's renewed motion to dismiss to which Defendants stipulated to accommodate scheduling conflicts and the ongoing settlement negotiations, (*see* Dkts. 121-24). Ultimately, LightSpace's renewed motion to dismiss is set for hearing on January 5, 2023, the same date on which a renewed motion to dismiss later filed by Yolo will be heard. (Dkts. 124, 127.)

The Motion was heard on September 29, 2022, (*see* Dkt. 125), the latest date to which it was continued, (Dkt. 107). At the hearing, the parties signaled their intent to move forward with the Motion, and Plaintiffs indicated they did not oppose a stay of discovery, subject to certain reservations regarding the potential need for discovery depending on issues raised by Yolo's forthcoming motion to dismiss.

LightSpace's renewed motion to dismiss raises essentially the same arguments as the prior motion to dismiss in which it joined. (*Compare* Dkts. 72, 76, *with* 118.) In essence, both assert: (1) all of Plaintiffs' claims are barred by the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c)(1), (*see* Dkts. 72 at 7-16; 118 at 6-18); (2) Plaintiffs improperly seek equitable claims as freestanding causes of action, (*see* Dkts. 72 at 20-21; 118 at 19-20); (3) Plaintiff Tyler Clementi Foundation lacks Article III standing, (*see* Dkts. 72 at 25; 118 at 25); and (4) Plaintiffs' claims are inadequately pleaded, (*see* Dkts. 72 at 16-20, 21-25; 118 at 20-25). LightSpace's renewed motion to dismiss also raises a new argument that Plaintiffs' claims are barred by the First Amendment. (Dkt. 118 at 18-19.)

Additionally, while the Motion was pending, Yolo filed a renewed motion to dismiss, raising the same arguments as its earlier motion and an additional argument that the anonymous plaintiffs in this action should be dismissed. (*Compare* Dkts. 71, *with* 127.) As with LightSpace's motions to dismiss, Yolo's previous and operative motions to dismiss argue: (1) all of Plaintiffs' claims are barred by § 230(c)(1) of the CDA, (*see* Dkts. 71 at 11-19; 127 at 12-22); (2) Plaintiffs inadequately plead misrepresentation-based claims, (*see* Dkts. 71 at 19-22; 127 at 22-23); (3) Plaintiffs lack Article III standing, (*see* Dkts. 71 at 31-33; 127 at 23-25); and (4) all of Plaintiffs' claims for equitable relief and remaining causes of action independently fail as a matter of law, (*see* Dkts. 71 at 22-31; 127 at 26-34).

## II. Legal Standard

### A. Protective Order Staying Discovery

A court's decision to grant a stay is "'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). A court's power to "stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). For example, a court may "enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case" whether "the separate proceedings are judicial, administrative, or arbitral in character," and those proceedings need not be "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).

"'Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "'Among these competing interests are [(1)] the possible damage which may result from the granting of a stay, [(2)] the hardship or inequity which a party may suffer in being required to go forward, and [(3)] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to

result from a stay.'"[1] *Id.* (quoting *CMAX*, 300 F.2d at 268). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

Under Federal Rule of Civil Procedure 26(c), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" related to discovery matters. "A party seeking a stay of discovery carries a heavy burden of making a strong showing why discovery should be denied" through "a particular and specific need for the protective order," as opposed to "stereotyped or conclusory statements." *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) (citations and internal quotation marks omitted). The court's decision to stay discovery pending the resolution of a potentially dispositive motion is discretionary. *Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981) (reviewing court's decision to stay discovery for abuse of discretion).

While the Ninth Circuit has not set forth a clear standard for district courts to apply when determining whether to stay proceedings pending the resolution of a potentially dispositive motion, California district courts often apply a two-part test under which "it is appropriate to stay discovery if (1) 'the pending motion [is] potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed,' and (2) 'the pending, potentially dispositive motion can be decided absent additional discovery.'" *Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019) (alteration in original) (citing *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, at *5 (E.D. Cal. Feb. 7, 2011) (collecting cases)). A second standard requires the court to "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an *immediate and clear possibility* that it will be granted." *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000) (citation and internal quotation marks omitted). A third approach advocates for a "case-by-case" analysis of several factors, including:

[1] The court refers to these three considerations as the *Landis* factors.

> the type of pending dispositive motion and whether it is a challenge as a matter of law or to the sufficiency of the complaint allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been asserted; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances.

*Nguyen v. BMW of N. Am., LLC.*, 2021 WL 2284113, at *3 (S.D. Cal. June 4, 2021) (citing *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011)).

"[T]he Federal Rules of Civil Procedure do[] not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending" and "district courts look unfavorably upon such blanket stays of discovery." *Mlejnecky*, 2011 WL 489743, at *6. The court may exercise its discretion to "enter an order staying discovery 'when it is convinced that the plaintiff will be unable to state a claim for relief.'" *See Doe v. Reddit, Inc.*, 2021 WL 4348731, at *3 (C.D. Cal. July 12, 2021) (quoting *Quezambra*, 2019 WL 8108745 at *1)). Finally, "[i]n evaluating a motion to stay, a court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Driscoll's, Inc. v. Cal. Berry Cultivars, LLC*, 2021 WL 4942877, at *5 (E.D. Cal. Oct. 22, 2021) (citation and internal quotation marks omitted).

## III. Discussion

Defendants argue that discovery should be stayed pending Defendants' Motions to Dismiss because their pending motions to dismiss would dispose of the entire case and do not require further discovery to be decided, paying particular attention to their assertions the CDA bars Plaintiffs' claims in their entirety. (Mot. at 6-11.) Defendants also argue that there is a "clear possibility" that their motions to dismiss will be granted; this is a complex action; all Defendants join in the Motion; the action is in its early stages; Defendants have not asserted any

cross- or counterclaims; and there are no circumstances necessitating immediate discovery. (*Id.* at 11-14.)

Under the relevant facts and circumstances, the court finds a protective order staying discovery pending resolution of Defendants' operative motions to dismiss is warranted. The court finds the two-part test employed by other California district courts to be appropriate in this case.

As noted above, Defendants filed the Motion ahead of the currently pending motions to dismiss; however, the arguments in the Motion still apply to the pending motions to dismiss considering the substantial overlap between Defendants' current motions to dismiss and their earlier iterations. (*Compare* Dkts. 71-72, 76, *with* 118, 127.) The Motion principally argues that Defendants' pending motions to dismiss may be dispositive of Plaintiffs' claims because they seek to bar all of Plaintiffs' claims under the CDA, which is a legal issue courts regularly decide based solely on pleadings. (*See* Dkt. 79 at 6-11.) Indeed, LightSpace's and Yolo's operative and previous motions to dismiss assert Plaintiffs' claims are untenable as a matter of law on several theories, most notably that all of Plaintiffs' claims are barred under the CDA. (*See* Dkts. 71, 72, 76, 118, 127.)

Under the CDA, "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," 47 U.S.C. § 230(c)(1), and the statute "expressly preempts any state law to the contrary, *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007) (citation omitted); *see also* 47 U.S.C. § 230(e)(3). Thus, if Defendants prevail on their arguments under the CDA—that immunity under the statute applies to Plaintiffs' federal and state law claims—Plaintiffs claims would be barred under the CDA. As such, the court finds the motions to dismiss currently pending in this case to be potentially dispositive of this case. *See. Reddit*, 2021 WL 4348731, at *3, *7 (staying discovery after finding motion to dismiss would potentially be dispositive and result in the dismissal of plaintiffs' claims on primary ground CDA would immunize defendant). Additionally, immunity under the CDA is a legal determination with respect to which Plaintiffs have not argued further discovery is necessary or warranted to decide. Accordingly, the court finds they can be resolved without further

discovery. *See Onuoha v. Facebook, Inc.*, 2017 WL 11681325, at *1 (N.D. Cal. Apr. 7, 2017) (staying discovery based on findings that CDA would immunize defendant from all of plaintiffs' claims if successful and that plaintiffs did not demonstrate further discovery would be needed to "confirm" or "show with greater specificity" alleged discriminatory labeling of users). As such, the circumstances under which Defendants seek a stay weigh in favor of granting the Motion.

Compellingly, Plaintiffs did not file an opposition to the Motion. (*See generally* Dkt.) In this District, the court may grant a motion to stay where a counterparty does not oppose it. *See* L. R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to [Federal Rule of Civil Procedure 56] may not be granted solely based on the failure to file an opposition."). And because Plaintiffs have not opposed the Motion, they do not set forth any argument that they will suffer prejudice if the court grants the requested stay. Additionally, absent further guidance, the court observes that "if discovery is stayed and the [c]ourt later denies Defendants' motion to dismiss," it appears "Plaintiffs may only suffer a delay in receiving answers to their discovery requests." *See Duffy v. ASNY NY, LLC*, 2022 WL 1785395, at *3 (D. Nev. May 31, 2022). Taking into consideration the applicable standards, circumstances, and Plaintiffs' lack of opposition to the Motion, the court finds it proper to grant the requested stay.

## IV. Disposition

For the reasons set forth above, the court **GRANTS** the Motion. Discovery in this case is hereby **STAYED** pending the court's resolution of LightSpace's and Yolo's operative motions to dismiss (Dkts. 118, 127).

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: mku