UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-06680-FWS-MRW | Date: January 10, 2023 |
| Title: Kristin Bride, *et al.* v. Snap Inc., *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS [118][127]**

Before the court are Defendants Yolo Technologies, Inc. ("Yolo") and LightSpace Inc.'s ("LightSpace") (collectively, "Defendants") Motions to Dismiss Plaintiffs the Estate of Carson Bride by and through his appointed administrator, Kristin Bride, A.C., A.O., A.K.,[1] and the Tyler Clementi Foundation's ("Plaintiffs") First Amended Complaint ("FAC"). (Dkts. 118, 127.) The matter is fully briefed.[2] (Dkts. 135, 138-39.) Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** the FAC.

---

[1] A.C., A.O., and A.K., are represented by and through their legal guardians, Jane Does 2, 3, and 1, respectively.

[2] The court, in its discretion, **GRANTS** Plaintiffs' Motion to Exceed the Page Limit in Opposition to Defendant's Motion to Dismiss by five (5) pages. (Dkt. 137.) While Yolo opposes, (Dkt. 140), the court finds any resulting prejudice minimal and that it is in the interest of judicial economy to permit the brief as filed. Future requests of this nature must be set for hearing in advance of the motion to which they relate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-06680-FWS-MRW    Date: January 10, 2023
Title: Kristin Bride, *et al.* v. Snap Inc., *et al.*

## I.    Relevant Background

The FAC alleges[3] that Yolo and LightSpace designed, developed, and operate the YOLO and LMK applications, respectively, which have "Teen" content ratings on the Google Play store, and permit teenaged and minor users to share anonymous messages.  (Dkt. 113 ¶¶ 60, 74-76.)  LMK is an "anonymous Question and Answer and polling app" that allows its users to "create and customize[] stickers and backgrounds while sharing polls with their friends on Snapchat."  (*Id.* ¶¶ 28, 73.)  Similarly, YOLO "is an app designed to allow its users to send messages to each other anonymously" who can "chat, exchange questions and answers, and send polling requests to one another on a completely anonymous basis."  (*Id.* ¶ 26.)  Senders of messages on YOLO and LMK remain anonymous.  (*Id.* ¶¶ 3, 56, 73.)  Plaintiffs allege studies show the "depersonalized" context of anonymous apps increases the risk of "aberrant" behavior like bullying and harassment.  (*Id.* ¶¶ 35-37.)

Plaintiffs allege they received harassing messages in response to their benign posts on Defendants' applications and did not receive comparable messages on other platforms in which user identities were revealed.  (*Id.* ¶¶ 97-99, 102-104.)  Plaintiffs allege that YOLO had pop-up notifications that stated individuals' identities would be revealed if they harassed other users and LightSpace similarly stated it would take reports of bullying it received seriously and potentially send those reports to law enforcement.  (*Id.* ¶¶ 65, 71, 81, 105-118.)  Plaintiffs reference several specific explicit messages they received on these platforms and also aver more generally that they received harassing messages on both applications.  (*Id.* ¶¶ 90-103, 128-131, 136-140, 145-147.)  Plaintiffs allege that YOLO in particular did not respond to reports of harassment and that a decedent of one of the Plaintiffs unsuccessfully attempted to search online for ways to "reveal" the identities of individuals who had previously sent him harassing messages on YOLO the night before his death.  (*See id.* ¶¶ 71, 94.)

---

[3] For the purposes of the Motions to Dismiss, the court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to Plaintiffs.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-06680-FWS-MRW                                         Date: January 10, 2023
Title: Kristin Bride, *et al.* v. Snap Inc., *et al.*

In this lawsuit, Plaintiffs bring state law causes of action against Defendants for: (1) strict product liability based on a design defect; (2) strict product liability based on a failure to warn; (3) negligence; (4) fraudulent misrepresentation; (5) negligent misrepresentation; (6) unjust enrichment; (7) violation of the Oregon Unlawful Trade Practices Act; (7) violation of the New York General Business Law § 349; (8) violation of the New York General Business Law § 350; (9) violation of the Colorado Consumer Protection Act; (10) violation of the Pennsylvania Unfair Trade Practices Law; (11) violation of the Minnesota False Statement in Advertising Act; and (12) violation of California Business and Professions Code §§ 17200 & 17500. (*See id.* ¶¶ 20-30, 178-322.)  Plaintiffs seek to bring a class action. (*See id.* ¶¶ 159-177.)

Plaintiffs initially filed the Complaint in this action on May 10, 2021, against Defendants and former Defendant Snap, Inc., in the Northern District of California.  (Dkt. 1.)  The case was transferred to the Central District of California on August 18, 2021.  (Dkts. 49-50, 53.)  The three Defendants initially filed Motions to Dismiss and Stay Discovery in September 2021, (*see* Dkts. 71-77, 79); after numerous stipulations to extend the hearing on those motions pending settlement discussions, (*see* Dkts. 82, 86, 88, 90, 94, 96, 98, 102, 105), the parties stipulated to Snap, Inc.'s dismissal with prejudice from this action on June 17, 2022, (Dkt. 111).  Plaintiff filed the First Amended Complaint on June 27, 2022.  (Dkt. 113.)  After several more stipulations to extend the deadlines in this case, (Dkts. 112, 116, 121, 123), the court entered an order on September 29, 2022, granting Defendants' motion to stay discovery pending resolution of potentially dispositive motions to dismiss, (Dkt. 126).  LightSpace initially moved to dismiss the FAC on August 18, 2022, (Dkt. 118), and Yolo similarly moved on October 6, 2022, (Dkt. 127).  The court heard oral argument on these matters on January 5, 2023.  (Dkt. 141.)

## II.     Legal Standard

### A.     Motion to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-06680-FWS-MRW | Date: January 10, 2023 |
| Title: Kristin Bride, *et al.* v. Snap Inc., *et al.* | |

reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 544, 556 (2007)). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216). But, on the other, "'[w]here a complaint pleads facts that are merely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-06680-FWS-MRW | Date: January 10, 2023 |
| Title: Kristin Bride, *et al.* v. Snap Inc., *et al.* | |

consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" *Eclectic Props. E., LLC*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss made pursuant to Rule 12(b)(6):

> Review is limited to the contents of the complaint. *See Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See id.* The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. *See Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir.1987). Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

266 F.3d 979, 988 (9th Cir. 2001).

**III.   Discussion**

    A.    <u>Section 230 of the Communications Decency Act</u>

Defendants first argue that they are immune from suit under Section 230 of the Communications Decency Act of 1996 ("CDA"), 47 U.S.C. § 230. Section 230 of the CDA "protects certain internet-based actors from certain kinds of lawsuits." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1099 (9th Cir. 2009). The statute provides, in relevant part, that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-06680-FWS-MRW | Date: January 10, 2023 |
| Title: Kristin Bride, *et al.* v. Snap Inc., *et al.* | |

Additionally, it states that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." *Id.* § 230(e)(3). "The majority of federal circuits have interpreted the CDA to establish broad federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007) (citations and internal quotation marks omitted).

CDA immunity under Section 230(c)(1) "applies only if the interactive computer service provider is not also an 'information content provider,' which is defined as someone who is 'responsible, in whole or in part, for the creation or development of' the offending content." *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc) (quoting 47 U.S.C. § 230(f)(3)). The "prototypical service qualifying for [CDA] immunity is an online messaging board (or bulletin board) on which Internet subscribers post comments and respond to comments posted by others." *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1266 (9th Cir. 2016) (quoting *FTC v. Accusearch Inc.*, 570 F.3d 1187, 1195 (10th Cir. 2009)).

Under the Ninth Circuit's three-prong test, "[i]mmunity from liability exists for '(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider.'" *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1097 (9th Cir. 2019) (quoting *Barnes*, 570 F.3d at 1100-01). "When a plaintiff cannot allege enough facts to overcome Section 230 immunity, a plaintiff's claims should be dismissed." *Id.* (citation omitted).

In considering the first prong of the *Barnes* test, courts "interpret the term 'interactive computer service' expansively." *Id.* (citation omitted). Here, Plaintiffs do not meaningfully challenge Defendants' status as providers of "interactive computer service[s]" within the meaning of Section 230. (*See* Dkt. 135 at 5-30.) Under the statute, "[t]he term 'interactive computer service' means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-06680-FWS-MRW | Date: January 10, 2023 |
| Title: Kristin Bride, *et al.* v. Snap Inc., *et al.* | |

services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2). Courts have noted providers of interactive computer services include entities that create, own, and operate applications that enable users to share messages over its internet-based servers, like Defendants. *See, e.g.*, *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1091 (9th Cir. 2021) (holding creator, owner, and operator of application that "permits its users to share photos and videos through [its] servers and the internet" necessarily "enables computer access by multiple users to a computer server," and thus qualifies as a "provider of an interactive computer service") (citations and internal quotation marks omitted). Accordingly, the court finds the first prong of the *Barnes* test is met.

Under the second prong, "what matters is whether the claims 'inherently require[] the court to treat the defendant as the "publisher or speaker" of content provided by another.'" *Dyroff*, 934 F.3d at 1098 (alteration in original) (quoting *Barnes*, 570 F.3d at 1102). Plaintiffs argue their claims do not treat Defendants as publishers or speakers because their claims allege Defendants' products could be made safer without altering third-party content and that the designs of Defendants' applications encourage the alleged harmful conduct. (Dkt. 135 at 6-12.) Further, Plaintiffs argue the anonymity of Defendants' users "itself creates harm that makes any content seem harmful." (Dkt. 135 at 11-12.) Defendants contend that, regardless of how Plaintiffs' claims are styled, Plaintiffs' legal theories seek to hold Defendants liable for publishing the content of third parties. (Dkts. 118 at 9-10; 127 at 14-15.)

Ultimately, although Plaintiffs frame user anonymity as a defective design feature of Defendants' applications, Plaintiffs fundamentally seek to hold Defendants liable based on content published by anonymous third parties on their applications. Accordingly, the court finds Plaintiff's theories of liability treat Defendants as a "publisher" within the meaning of Section 230. *See Dyroff*, 934 F.3d at 1098 (acknowledging defendant implemented "features and functions" to "analyze" and "recommend" user grounds but holding plaintiffs "cannot plead around Section 230 immunity by framing these website features as content" because plaintiffs' claims sought to treat defendant as a "publisher" of third-party information); *id.* at 1095 (noting that "[s]ome of [defendant's] [web]site's functions, including user anonymity and grouping, facilitated illegal drug sales"); *Kimzey*, 836 F.3d 1266 (holding district court properly dismissed complaint that sought to "circumvent the CDA's protections" by "plead[ing] around the CDA to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-06680-FWS-MRW | Date: January 10, 2023 |
| Title: Kristin Bride, *et al.* v. Snap Inc., *et al.* | |

advance the same basic argument that the statute plainly bars: that [defendant] published user-generated speech that was harmful to [plaintiff]") (citation omitted); *Gonzalez v. Google LLC*, 2 F.4th 871, 891 (9th Cir. 2021), *cert. granted*, 143 S. Ct. 80 (2022) ("This element is satisfied when 'the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a "publisher or speaker."'") (quoting *Barnes*, 570 F.3d at 1102); *see also Force v. Facebook, Inc.*, 934 F.3d 53, 65 (2d Cir. 2019) (noting "[t]he courts' generally broad construction of Section 230(c)(1) in favor of immunity has resulted in a capacious conception of what it means to treat a website operator as the publisher of information provided by a third party") (cleaned up). While Plaintiffs urge that preventing users from posting anonymously is unrelated to the content users of Defendants' applications generate, these "decisions about the structure and operation of a website are content-based decisions" under Section 230. *See Fields v. Twitter, Inc.*, 217 F. Supp. 3d 1116, 1124 (N.D. Cal. 2016) (noting courts have held such content-based decisions include "the option to anonymize email addresses, [and the] acceptance of anonymous payments") (citing *Jane Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12, 20 (1st Cir. 2016)); *see also Lewis v. Google LLC*, 461 F. Supp. 3d 938, 954 (N.D. Cal. 2020).

The court similarly finds that *Dyroff* is not materially distinguishable on the basis that the users of the application at issue in *Dryoff* remained pseudonymous while posting users of Defendants' applications remain anonymous. The Ninth Circuit in *Dyroff* drew no such distinction. Rather, the Circuit stated that "[t]oday, online privacy is a ubiquitous public concern for both users and technology companies." 934 F.3d at 1100. The Ninth Circuit in *Dryoff* spoke in terms of "anonymity," not pseudonymity. *See id.* at 1095, 1100. Even if it had not, the court does not find it plausible to distinguish from *Dyroff* given the Ninth Circuit ultimately concluded that the defendant was "entitled to immunity under the plain terms of Section 230 and our case law as a publisher of third-party content" because the plaintiff could not "and [did] not plead that [the defendant] required users to post specific content, made suggestions regarding the content of potential user posts, or contributed to making unlawful or objectionable user posts." *Id.* at 1099. The court finds this ultimate conclusion applies to this case with equal force.

Plaintiffs principally seek to combat the application of Section 230 immunity by bringing this case within the ambit of *Lemmon*, in which the plaintiffs brought claims against Snap, Inc.,

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-06680-FWS-MRW | Date: January 10, 2023 |
| Title: Kristin Bride, *et al.* v. Snap Inc., *et al.* | |

a former Defendant in this case and creator of an application similar to Defendants'. In *Lemmon*, the plaintiffs alleged Snapchat's "Speed Filter," an "interactive system" that "encouraged its users to pursue certain unknown achievements and rewards" and "worked in tandem to entice young Snapchat users to drive at speeds exceeding 100 MPH," had nothing to do with "its editing, monitoring, or removing of the content that its users generate through Snapchat." 995 F.3d at 1091-92. Finding the case presented "a clear example of a claim that simply does not rest on third-party content," *id.* at 1093, the Ninth Circuit held that "the duty [Snap] allegedly violated 'spr[a]ng[] from' its distinct capacity as a product designer,'" *id.* at 1092. The Ninth Circuit in *Lemmon* also reasoned that "Snap could have satisfied its 'alleged obligation'—to take reasonable measures to design a product more useful than it was foreseeably dangerous—without altering the content that Snapchat's users generate." *Id.* (citing *Internet Brands*, 824 F.3d at 851).

Though Plaintiffs seek to characterize anonymity as a feature or design independent of the content posted on Defendants' applications, the theories underlying Plaintiffs' claims essentially reduce to holding Defendants liable for publishing content created by third parties that is allegedly harmful because the speakers are anonymous. Imposing such a duty would "necessarily require [Defendants] to monitor third-party content," *cf. HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676, 682 (9th Cir. 2019), e.g., in the form of requiring Defendants to ensure that each user's post on their applications is traceable to a specifically identifiable person. Accordingly, the court finds *Lemmon* is distinguishable, and the second prong of Section 230 immunity is satisfied.

Under the third prong, "§ 230(c)(1) cuts off liability only when a plaintiff's claim faults the defendant for information provided by third parties" but permits liability against internet companies when "they create or develop their own internet content" or are "responsible in part, for the creation or the development of the offending content on the internet." *Lemmon*, 995 F.3d at 1093 (cleaned up). Here, Plaintiffs argue their claims do not treat Defendants as publishers of information, but rather seek to impose liability on the basis that their applications could have been designed more safely without altering third-party content; namely, by removing complete anonymity. (Dkt. 135 at 5-10.) Plaintiffs also argue that Defendants contributed to the behavior that harmed Plaintiffs by designing applications in which posting

___

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:21-cv-06680-FWS-MRW | Date: January 10, 2023 |
| Title: Kristin Bride, *et al.* v. Snap Inc., *et al.* | |

users remain anonymous, thereby promoting bullying on their platforms. (*Id.* at 10-12.) Defendants argue that their users, not Defendants, are the persons responsible for the creation or development of the harmful content at issue. (Dkts. 118 at 8-9; 127 at 14.)

    The thrust of Plaintiffs' allegations concern posts by users of Defendants' applications. Accordingly, Defendants are not "information content provider[s] because [they] did not create or develop information" but rather "published information created or developed by third parties." *Dyroff*, 934 F.3d at 1098. Defendants did not create or develop the harassing and explicit messages that led to the harm suffered by Plaintiffs; the sending users did. *See id.* While Plaintiffs assert their false advertising claims differ from their other claims in this respect, (*see* Dkt. 135 at 14-15), those claims are still predicated on content developed by those third parties. Had those third-party users refrained from posting harmful content, Plaintiffs' claims that Defendants falsely advertised and misrepresented their applications' safety would not be cognizable. Accordingly, the nature of Plaintiffs' legal claim does not alter the court's conclusion, whether based on negligence or false advertising. *See Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 (9th Cir. 2009) (noting the Ninth Circuit has held that "CDA § 230 provide[s] immunity from state unfair competition and false advertising actions") (citing *CCBill*, 488 F.3d at 1108, 1118-19)).

    In sum, "[t]he accusation here is fundamentally that [Defendants] should have monitored and curbed third-party content." *See Jackson v. Airbnb, Inc.*, 2022 WL 16753197, at *2 (C.D. Cal. Nov. 4, 2022) (finding Section 230 immunized defendant notwithstanding *Lemmon* where plaintiffs' claims were "predicated on holding [defendant] liable for third party content posted on its platform"); *cf. In re Apple Inc. App Store Simulated Casino-Style Games Litig.*, 2022 WL 4009918, at *4-18 (N.D. Cal. Sept. 2, 2022) (summarizing historical development of Ninth Circuit case law regarding Section 230 and distinguishing between "mere message boards" and "creators of content themselves"). Because these claims fall squarely within Section 230's broad grant of immunity, the court finds Section 230(c)'s immunity provision applies to Defendants.

    B.    <u>Applying Section 230 to Plaintiffs' Claims</u>

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-06680-FWS-MRW        Date: January 10, 2023
Title: Kristin Bride, *et al.* v. Snap Inc., *et al.*

  As stated above, the FAC brings twelve causes of action under state law against Defendants; namely: (1) strict product liability based on a design defect; (2) strict product liability based on a failure to warn; (3) negligence; (4) fraudulent misrepresentation; (5) negligent misrepresentation; (6) unjust enrichment; (7) violation of the Oregon Unlawful Trade Practices Act; (7) violation of the New York General Business Law § 349; (8) violation of the New York General Business Law § 350; (9) violation of the Colorado Consumer Protection Act; (10) violation of the Pennsylvania Unfair Trade Practices Law; (11) violation of the Minnesota False Statement in Advertising Act; and (12) violation of California Business and Professions Code §§ 17200 & 17500. For the reasons set forth below, the court finds that each of these causes of action is predicated on the theory that Defendants violated various state laws by failing to adequately regulate end-users' abusive messaging, and is therefore barred by Section 230.

  Plaintiffs argue CDA immunity does not attach to Plaintiffs' failure to warn claims under *Doe v. Internet Brands, Inc.*, 824 F.3d 846 (9th Cir. 2016). (Dkt. 135 at 12-13.) Defendants argue *Internet Brands* is distinguishable, and that the CDA bars Plaintiffs' failure to warn claims regardless on the basis that Plaintiffs seek to hold Defendants liable as a publisher of third-party content. (Dkts. 118 at 10-14; 127 at 19-20.)

  The Ninth Circuit in *Internet Brands* noted that the plaintiff sought to hold the defendant "liable for failing to warn her about information it obtained from an outside source about how third parties targeted and lured victims through [the website on which the defendant hosted the plaintiff's user profile]," and thus reasoned that "[t]he duty to warn allegedly imposed by California law would not require Internet Brands to remove any user content or otherwise affect how it publishes or monitors such content." 824 F.3d at 851. The Ninth Circuit continued that the "alleged tort based on a duty that would require such a self-produced warning falls outside of section 230(c)(1)" because the "plaintiff's negligent failure to warn claim [did] not seek to hold Internet Brands liable as the publisher or speaker of any information provided by another information content provider." *Id.* (citation and internal quotation marks omitted). As discussed above, the court finds that Plaintiffs' theory would require the editing of third-party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-06680-FWS-MRW          Date: January 10, 2023
Title: Kristin Bride, *et al.* v. Snap Inc., *et al.*

content, thus treating Defendants as a publisher of content. Accordingly, *Internet Brands* is inapposite on this issue.[4] *See Roommates*, 521 F.3d at 1170-71 ("[A]ny activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230."); *Dyroff*, 934 F.3d at 1100 (holding the "allegation that user anonymity equals promoting drug transactions [was] not plausible" in view of defendant's "anonymity features along with its public statements expressing concern for internet privacy and detailing the burden of law enforcement information requests" and affirming district court's "dismiss[al] [of] all claims related to this supposed theory of liability" under Section 230).

With respect to Plaintiffs' remaining claims based on negligence and various state law statutes prohibiting false advertising and misrepresentations,[5] Plaintiffs argue Section 230 immunity does not protect Defendants from their own alleged misrepresentations and false statements on which Plaintiffs' various remaining claims are based. (Dkt. 135 at 14-15.) Defendants argue that, because Plaintiffs' claims are directed at Defendants' content moderation policies, the remainder of Plaintiffs' claims are barred under the CDA. (Dkts. 118 at 15-18; 127 at 20-22.) The court agrees with Defendants and finds Plaintiffs' argument unpersuasive for the same reason as Plaintiffs' failure to warn claims: because they are all predicated on allegations concerning activity immunized by Section 230. *See Roommates*, 521

---

[4] Additionally, the *Internet Brands* court "express[ed] no opinion on the viability of the failure to warn allegations on the merits." 824 F.3d at 854. Later Ninth Circuit precedent suggests Defendants—whose applications' anonymous posting feature is not plausibly alleged to relate to content created or selectively promoted by Defendants—may not owe such a duty under California law, even if those claims are not barred by the CDA. *See Dyroff*, 934 F.3d at 1101 ("No website could function if a duty of care was created when a website facilitates communication, in a content-neutral fashion, of its users' content.") (citing *Klayman v. Zuckerberg*, 753 F.3d 1354, 1359-60 (D.C. Cir. 2014)).

[5] As discussed at oral argument, it is materially undisputed in substance, for the purposes of Section 230 immunity, that Plaintiffs' remaining state law claims are predicated on Plaintiffs' allegations that Defendants committed false advertising or actionable misrepresentations, or are otherwise coextensive with Plaintiffs' negligence or product liability claims.

---

**CIVIL MINUTES – GENERAL**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-06680-FWS-MRW | Date: January 10, 2023 |
| Title: Kristin Bride, *et al.* v. Snap Inc., *et al.* | |

F.3d at 1170-71; *Dyroff*, 934 F.3d at 1100; *Zango*, 568 F.3d at 1177 (false advertising); *Barnes*, 570 F.3d at 1102-03 (holding negligence claim under state law that "derive[d] from [defendant's] role as a publisher" was subject to CDA immunity); *Doe through Next Friend Roe v. Snap, Inc.*, 2022 WL 2528615, at *14 (S.D. Tex. July 7, 2022) (finding state law claim based on negligence was barred by Section 230 where it was "couched as a complaint about [defendant's] design and operation rather than its role as a publisher of third-party content," because defendant's "alleged lack of safety features [was] only relevant to [plaintiff's] injuries to the extent that such features would have averted wrongful communication via [defendant's] platforms by third parties") (cleaned up).[6]

     Because Section 230 immunizes Defendants from Plaintiffs' claims in their entirety, the FAC is subject to dismissal.[7] "While it is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint, that presumption can be overcome where there has been a clear showing that amendment would be futile." *Barke v. Banks*, 25 F.4th 714, 721 (9th Cir. 2022) (cleaned up). Stated differently, although Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be "freely" given, "that liberality does not apply when amendment would be futile." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016); *see also AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("[A] district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.") (citations omitted). "[C]ourts have treated § 230(c) immunity as quite robust," *see, e.g.*, *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003), and the doctrine

___

[6] To the extent the Fourth Circuit's decision in *Henderson v. The Source of Public Data*, 53 F.4th 110, 122 (4th Cir. 2022), in which the Fourth Circuit Court of Appeal reinterpreted its prior conception of "publication" under § 230(c)(1) in *Zeran v. America Online, Inc.*, 129 F.3d 327 (4th Cir. 1997)), is implicated here, the court finds it unpersuasive in light of broader view adopted by the Ninth Circuit, *see, e.g.*, *Roommates*, 521 F.3d at 1170-71; *see also Monsarrat v. Newman* 28 F.4th 314, 320 (1st Cir. 2022).

[7] In light of this finding that Defendants are immunized against Plaintiffs' claims under Section 230 of the CDA, the court does not reach the remainder of the parties' arguments.

_____

**CIVIL MINUTES – GENERAL**

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:21-cv-06680-FWS-MRW | Date: January 10, 2023 |
| Title: Kristin Bride, *et al.* v. Snap Inc., *et al.* | |

bars any claims brought against a covered interactive computer service provider that "inherently require[] the court to treat the defendant as the 'publisher or speaker' of content provided by another," *Dyroff*, 934 F.3d at 1098 (alteration in original) (quoting *Barnes*, 570 F.3d at 1102). Because the court finds the core theory underlying Plaintiffs' claims seeks to treat Defendants as a "publisher or speaker" of the posts of third parties utilizing their applications, the court finds amendment to be futile. *See Sikhs for Just., Inc. v. Facebook, Inc.*, 697 F. App'x 526 (9th Cir. 2017) (affirming district court's dismissal with prejudice because granting plaintiff "leave to amend its complaint would be futile" where plaintiff's claim was "barred by the CDA" under Section 230).

Ultimately, based on the state of the record, as applied to the applicable law, the court concludes that Defendants are immunized under Section 230 of the CDA and that permitting further amendment would be futile. Accordingly, the court **DISMISSES WITH PREJUDICE** the FAC.

## IV. Disposition

For the reasons set forth above, the court **GRANTS** Defendants' Motions to Dismiss and **DISMISSES WITH PREJUDICE** the FAC.

**IT IS SO ORDERED.**