_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:21-cv-06680-FWS-MRW | Date: May 13, 2025 |
| Title: Kristin Bride, *et al.* v. Snap Inc., *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS:    ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [176]**

This putative class action concerns an anonymous messaging application ("app") made by Defendant Yolo Technologies, Inc. ("Defendant"). (*See generally* Dkt. 160 ("Second Amended Complaint" or "SAC").) After the Ninth Circuit affirmed the court's dismissal of Plaintiffs' products liability claims, (Dkt. 151), and after the court granted in part and denied in part Defendant's motion to dismiss, (Dkt. 170 ("MTD Order")), remaining in this case are misrepresentation claims for retrospective relief brought by Plaintiffs The Estate of Carson Bride—a teenager who took his own life after being bullied and harassed on the app—by and through his appointed administrator, Kristin Bride; and Addison Kennedy, Amber Casperson, and A.O., three people who experienced cyberbullying on the app while they were minors (collectively, "Plaintiffs"). Defendant filed an Answer to the claims remaining in the SAC. (Dkt. 175.)

Now before the court is Defendant's Motion for Judgment on the Pleadings. (Dkt. 176 ("Motion" or "Mot.").) Plaintiffs oppose the Motion. (Dkt. 183 ("Opposition" or "Opp.").) Defendant filed a reply in support of the Motion. (Dkt. 186 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for

_____

**CIVIL MINUTES – GENERAL**                                                                                                 1

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:21-cv-06680-FWS-MRW | Date: May 13, 2025 |
| Title: Kristin Bride, *et al.* v. Snap Inc., *et al.* | |

May 22, 2025, is **VACATED** and off calendar.  Based on the state of the record, as applied to the applicable law, the Motion is **DENIED**.

I. **Background**

   A. **The SAC's Allegations**

   Defendant "designed, developed, manufactured, distributed, and delivered" an "anonymous messaging app" called YOLO, which was "widely available primarily to young children as an extension to Snapchat" until Snap banned the app in 2021.  (SAC ¶¶ 21, 59, 183; *see id.* ¶ 10 (alleging that "[w]ithin 48 hours of filing th[is] lawsuit, Snap suspended YOLO").) The app "allowed users to ask questions and have users anonymously respond, to send polling requests on a completely anonymous basis, and to chat with other users anonymously." (*Id.* ¶ 48.)  "When [Defendant] launched YOLO in May 2019, [Defendant] marketed YOLO to minors and allowed minors to use the YOLO app without verifying or attempting to verify the age of its users."  (*Id.* ¶ 51.)  YOLO had a "Teen" content rating on the Google Play store, "intentionally focusing its marketing and solicitation toward teenagers." (*Id.* ¶ 52.)  "[I]n YOLO's first week it became the top downloaded app in America, and 11 months later the app had 10 million active users."  (*Id.* ¶ 49.)

   Plaintiffs' central allegation in this case is that Defendant "made false and deceptive statements to users when they signed up about the steps [Defendant] would take to make the app safer."  (*Id.* ¶ 54.)  For example, "[w]hen a user first open[ed] YOLO after downloading it from the Apple or Google app store, a pop-up notice fill[ed] the screen and t[old] each prospective user: 'YOLO has no tolerance for objectionable content or abusive users.  You'll be banned for any inappropriate usage.'" (*Id.* ¶ 55.)  In addition, "[o]n the first screen of the user's interface with the YOLO app, YOLO state[d]: 'YOLO is for positive feedback only.  No bullying.  If you send harassing messages to our users, your identity will be revealed.'" (*Id.* ¶ 56.)  "YOLO's App Store page also state[d]: 'Be kind, respectful, show compassion with other users, otherwise you will be banned.'" (*Id.* ¶ 57.)

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:21-cv-06680-FWS-MRW | Date: May 13, 2025 |
| Title: Kristin Bride, *et al.* v. Snap Inc., *et al.* | |

___

"Contrary to those representations, from the earliest days that YOLO was operational through the time that YOLO was banned by Snap, YOLO routinely did not reveal the identifies of abusive users, nor did YOLO ban those users, even after abusive users were reported to the app." (*Id.* ¶ 59.)  And "when YOLO users reported other users who were sending bullying or harassing messages, including to YOLO's 'Contact Us' email, YOLO regularly did not respond to their inquiries or take any action in response to them." (*Id.* ¶ 60; *see id.* ¶ 62 (quoting user reviews to this effect).)  Indeed, Defendant "knew or should have known . . . when [the app] reached 10 million daily active users, that it could not possibly provide meaningful safeguards to so many active users—including the safeguards [Defendant] told its users and users' parents it would implement—given that it had fewer than 10 employees." (*Id.* ¶ 50.)

Carson Bride ("Carson") is one teenager who was bullied on YOLO. (*Id.* ¶ 66.)  "From January 23, 2020, to June 22, 2020," during Carson's sophomore year in high school, "Carson received at least 105 messages via the YOLO app," with 62 of those "messages includ[ing] content that was meant to humiliate Carson, often involving sexually explicit and disturbing content." (*Id.* ¶¶ 65, 70-71.)  For example, Carson received messages saying, "I'm gonna push u into the Grand Canyon," "When u passed out in Biology I put my balls in ur mouth," "When you passed out I ate your ass," "are you a virgin," "I WANT YOUR WEINER NOWWWW," "why do you make my peepee so hard," "How big is your penis," and "How big are your balls." (*Id.* ¶¶ 72-73, 79.)  "[O]n June 7, 2020, after receiving numerous abusive, harassing, and upsetting messages on YOLO, Carson searched YOLO's website and other websites searching for 'YOLO reveal,' 'YOLO username reveal hacks,' and other keyword searches in an effort to find out who was sending abusive messages to him." (*Id.* ¶ 74.)  "In responding to numerous abusive messages, Carson asked the anonymous users sending him abusive messages to voluntarily 'S/U' (Swipe Up) to reveal their identities.  None of the users chose to reveal themselves." (*Id.* ¶ 76.)  On June 23, 2020, at the age of 16, "Carson took his own life by hanging himself at his home." (*Id.* ¶¶ 8, 15, 65.)  "[T]he morning of Carson's death, the last web history found from his phone shows that Carson was again searching 'Reveal YOLO Username Online,' which reflects his final painstaking attempt to find out who was sending abusive anonymous messages to him on the YOLO app." (*Id.* ¶ 80.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-06680-FWS-MRW               Date: May 13, 2025
Title: Kristin Bride, *et al.* v. Snap Inc., *et al.*

    A.K., A.C., and A.O. also experienced bullying and harassment on YOLO while they were minors. (*See id.* ¶¶ 98-121.) A.K. "received numerous bullying anonymous messages on YOLO," "includ[ing] statements like '[A.K.] does drugs,' which is false; 'I hope you die'; and 'I'm gonna kill you.'" (*Id.* ¶ 100.) "The anonymous messages that A.K. received on YOLO made her consider whether she should kill herself and give into what other people were saying about her. It lowered her self-esteem for years. It altered her eating habits. And it made her feel worthless and like a waste of space and a life." (*Id.* ¶ 104.) And A.C., after "suffer[ing] the fatal loss of her 16-year-old brother, who took his own life on January 2, 2020," "posted a story on Snapchat where she was depicted spending time with her friends. Immediately after that posting, A.C. received anonymous messages on YOLO that stated: 'You look happy without your brother – you should go kill yourself too.'" (*Id.* ¶¶ 108-09.)

    Based on these facts, Plaintiffs bring claims for damages for: (1) fraudulent misrepresentation; (2) negligent misrepresentation; (3) unjust enrichment; (4) violation of the Oregon Unlawful Trade Practices Act; (5) violation of the Colorado Consumer Protection Act; (6) violation of the Pennsylvania Unfair Trade Practices Law; (7) violation of the Minnesota False Statement in Advertising Act; and (8) violation of California's Unfair Competition Law ("UCL"). (*See id.* ¶¶ 178-273.)[1]

    **B.**    **The Terms of Service**

    In the Motion, Defendant argues that the SAC references and relies upon the YOLO Terms of Service ("TOS"), meaning the TOS is incorporated by reference in the SAC and the court should consider the TOS in deciding the Motion. (Mot. at 17-20; *see* Dkt. 178-2.) As relevant to the Motion, the TOS include terms such as the following:

---

[1] The MTD Order dismissed Plaintiffs' claims for violation of New York General Business Law § 349, and violation of New York General Business Law § 350, and Plaintiffs' requests for equitable relief, (SAC ¶¶ 219-245, 266-73; *id.* at Prayer for Relief ¶¶ C, D, G, K, L). (MTD Order at 19.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-06680-FWS-MRW                                      Date: May 13, 2025
Title: Kristin Bride, *et al.* v. Snap Inc., *et al.*

_____

> You represent that you are 18 years of age or older or if you are under 18 years of age, you are using the Service under the supervision of your parent or legal guardian. If you are under 18 years of age, your parent or legal guardian must first review and agree to this Agreement. Any use or access to the Service by anyone under 13 is strictly prohibited and in violation of this Agreement.

(TOS § 1.1.)

> 13. Governing Law, Arbitration, and Class Action/Jury Trial Waiver
>
> 13.1 Governing Law
>
> You agree that: (i) the Service shall be deemed solely based in New York; and (ii) the Service shall be deemed a passive one that does not give rise to personal jurisdiction over us, either specific or general, in jurisdictions other than New York.  This Agreement shall be governed by the internal substantive laws of the State of New York, without respect to its conflict of laws principles.

(TOS § 13.)

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is properly granted "when there is no issue of material fact, and the moving party is entitled to judgment as a matter of law."  *Unite Here Loc. 30 v. Sycuan Band of the Kumeyaay Nation*, 35 F.4th 695, 700 (9th Cir. 2022) (citing *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)).  Because Rule 12(c) and Rule 12(b)(6) motions are "functionally identical," the same standard of review applies to motions brought under either rule.  *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017).

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:21-cv-06680-FWS-MRW | Date: May 13, 2025 |
| Title: Kristin Bride, *et al.* v. Snap Inc., *et al.* | |

___

Review is generally limited to the pleadings. *Yakima Valley Mem'l Hosp. v. Dep't of Health*, 654 F.3d 919, 925 n.6 (9th Cir. 2011). The court accepts "all factual allegations in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020) (citing *Fleming*, 581 F.3d at 925). However, the court is "not required to accept as true allegations that contradict exhibits attached to the [c]omplaint, or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Chandavong v. Fresno Deputy Sheriff's Ass'n*, 599 F. Supp. 3d 1017, 1020 (E.D. Cal. 2022) (quoting *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013)); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").

The court's inquiry concerns "whether the complaint at issue contain[s] 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'" *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citation omitted). "Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). Under this standard, "[m]ere conclusory statements in a complaint and 'formulaic recitation[s] of the elements of a cause of action' are not sufficient." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (second alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

___

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:21-cv-06680-FWS-MRW | Date: May 13, 2025 |
| Title: Kristin Bride, *et al.* v. Snap Inc., *et al.* | |

## III.   Discussion

In the Motion, Defendant argues the TOS is incorporated by reference into the SAC; the TOS is enforceable; and the TOS should be enforced at this time to bar Plaintiffs' claims. (Mot. at 17-27.) The court is not persuaded that the relief Defendant seeks—dismissal of all of Plaintiffs' claims, (Dkt. 176-3)—is warranted at this time. Simply put, the court finds the matters presented in the Motion are "fact-intensive question[s] better suited for summary judgment." *Summers v. Chaffey Joint Union High Sch. Dist.*, 2021 WL 922069, at *1 (C.D. Cal. Jan. 13, 2021). To illustrate, the court gives one example.

Defendant argues that the TOS would bar Plaintiffs' claims regarding misrepresentations in the app's popup notices because "Plaintiffs only cited the last two sentences of the pop-up notice and omitted the first sentence that required all YOLO app users to agree to its TOS." (Mot. at 19-20.) Defendant maintains that the full pop-up notice states:

> By using YOLO you agree the terms of service (EULA) and privacy policy. YOLO has no tolerance for objectionable content or abusive users. You'll be banned for any inappropriate usage.

(Mot. at 19.) However, as Defendant concedes, Plaintiffs allege and argue they disaffirm the TOS. (*See* SAC ¶ 69; Opp. at 3-5; Reply at 9-12.) Defendant's response on this point is that Plaintiffs "cannot inequitably retain the benefits of a contract while reneging on the burdens and conditions attached to the benefits." (Reply at 9.) But the court fails to see how, as Defendant argues, Plaintiffs seek to both disaffirm the TOS and sue based on the TOS. (*See id.* ("The Minor Plaintiffs generally claim that, contrary to Yolo's representations in its TOS and other policies, Yolo failed to protect, communicate, and respond to reports from its teen users and their parents while simultaneously seeking to disaffirm the TOS.").) Indeed, it does not appear to the court that Plaintiffs allege Defendant misrepresented *in the TOS* that abusive users would be banned or have their identities revealed; rather, it appears to the court that Plaintiffs allege Defendant made the relevant representations *outside the TOS*, including in pop-up messages in the app, "[o]n the first screen of the user's interface with the YOLO app," and on "YOLO's App Store page." (*See, e.g.*, SAC ¶¶ 5, 55-57.) Regardless, this analysis underscores

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:21-cv-06680-FWS-MRW | Date: May 13, 2025 |
| Title: Kristin Bride, *et al.* v. Snap Inc., *et al.* | |

the court's overall finding that the issues presented in the Motion are fact-intensive and better addressed on a developed record. *See, e.g.*, *T.T. v. Supercell, Inc.*, 2023 WL 2562395, at *5 (N.D. Cal. Mar. 17, 2023) (denying motion to dismiss in which the defendant argued minors' disaffirmance of certain purchases "would be inequitable" because "Defendant's arguments turn on factual questions about the nature of Plaintiff's purchases, which the Court need not decide at this stage").

**IV. Disposition**

For the reasons set forth above, the Motion is **DENIED.**