Juyoun Han (*pro hac vice*)
Eric Baum (*pro hac vice*)
**EISENBERG & BAUM, LLP**
24 Union Square East, PH
New York, NY 10003
Tel: (212) 353-8700
Fax: (212) 353-1708

John K. Buche (CA Bar No. 239477)
**BUCHE & ASSOCIATES, P.C.**
2029 Century Park E., Suite 400N
Los Angeles, CA 90067
Tel: (310) 593-4193
Fax: (858) 430-2426
jbuche@buchelaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Estate of Carson Bride et al. on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>YOLO TECHNOLOGIES, INC.,<br><br>*Defendants*. | **Civil Action No.:**<br>**2:21-cv-06680-FWS**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AMEND THE COMPLAINT**<br><br>Judge: Hon. Fred W. Slaughter<br>Trial Date: October 3, 2023<br>Hearing: January 5, 2023 |

# NOTICE OF MOTION AND MOTION TO AMEND THE COMPLAINT

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 10, 2025, or as soon thereafter as this matter may be heard, in Courtroom 10D, 411 West 4th St. Santa Ana, CA 92701-4516, before Honorable Judge Fred J. Slaughter, Plaintiffs will and hereby does move this Court for leave to file its proposed Third Amended Complaint ("TAC") pursuant to Fed. R. Civ. P. 15(a)(2).

The TAC differs from the Second Amended Complaint (Dkt. #160) in that it adds Gregoire Henrion, the sole employee and the Chief Executive Officer of YOLO Technologies Inc. as an additional defendant based on additional facts relevant to Gregoire Henrion's personal responsibilities within the Defendant YOLO Technologies, Inc. *See* Proposed TAC ¶¶ 22.

The TAC also omits claims that were dismissed by this Court's order (D.E. #170) on Defendants' motion to dismiss. *See* Proposed TAC ¶¶ 219-245; 266-173, Prayer for relief C, D, E.

The TAC omits the Tyler Clementi Foundation and inserts names of A.K. and A.C. *See* Proposed TAC ¶¶17-18.

Plaintiffs had previously amended the complaint (Dkt #113) pursuant to a stipulation that allowed for an amended pleading to be filed (Dkt #112). Plaintiffs filed a second amended complaint (D.E. #160) pursuant to this Court's minute order (Dkt #156). Plaintiffs now seek this Court's leave to file a Third Amended Complaint. Defendants have been notified but have not responded to Plaintiffs' request for a meet and confer (required under Local Rule 7-3).

This motion is timely. Filing the TAC will not cause any undue delay because Defendant has delayed responding to Plaintiffs' discovery and all remaining discovery requests that are yet to be fulfilled overlap with the proposed additional defendant in the

1

TAC. Moreover, the proposed amendments will not unduly prejudice Defendant YOLO because the proposed additional Defendant Henrion has been given ample advance notice regarding the claims that are alleged from the beginning of this action.

## BACKGROUND

In this action, Plaintiffs, who were minors at the time they used the YOLO app, allege that Defendant "designed, developed, manufactured, distributed, and delivered" an "anonymous messaging app." In addition, Plaintiff Kristin Bride also used the YOLO app to report her son Carson's death from cyberbullying on YOLO's app.

The core of Plaintiffs' allegation is that Defendant "made false and deceptive statements to users when they signed up about the steps [Defendant] would take to make the app safer." (Second Amended Complaint ("SAC") ¶ 54.). The Second Amended Complaint alleges that "[w]hen a user first open[ed] YOLO after downloading it from the Apple or Google app store, a pop-up notice fill[ed] the screen and t[old] each prospective user: 'YOLO has no tolerance for objectionable content or abusive users. You'll be banned for any inappropriate usage.'" (*Id*. ¶ 55.) In addition, Plaintiffs allege that, "[o]n the first screen of the user's interface with the YOLO app, YOLO state[d]: 'If you send harassing messages to our users, your identity will be revealed.'" (*Id*. ¶ 56.) "[I]n YOLO's first week it became the top downloaded app in America, and 11 months later the app had 10 million active users." (*Id*. ¶ 49.) However, YOLO did not follow through with its statements, as it " YOLO routinely did not reveal the identifies of abusive users, nor did YOLO ban those users, even after abusive users were reported to the app." (*Id*. ¶ 59.)

Hence, Plaintiffs bring claims for damages for: (1) fraudulent misrepresentation; (2) negligent misrepresentation; (3) unjust enrichment; (4) violation of the Oregon Unlawful Trade Practices Act; (5) violation of the Colorado Consumer Protection Act; (6) violation of the Pennsylvania Unfair Trade Practices Law; (7) violation of the

Minnesota False Statement in Advertising Act; and (8) violation of California's Unfair Competition Law ("UCL").

This putative class action began in 2021 (Dkt. #1) After the Ninth Circuit affirmed the court's dismissal of Plaintiffs' products liability claims and reversed the dismissal of misrepresentation claims, (Dkt. #151), this court granted in part and denied in part Defendant's motion to dismiss, (Dkt. #170), and denied the Defendant's motion for Judgment on the Pleadings (Dkt. #187).

Plaintiffs intend to file a separate motion to compel evidence. However, some background facts surrounding are relevant here regarding the discovery process. Plaintiffs' discovery requests were initially served on Defendants on February 20, 2025, and Plaintiffs requested a conference with Magistrate Judge Kaufman addressing discovery disputes due to Defendants' lack of response. On May 23, 2025, Defendant sent to Plaintiffs "Objections and Responses to Plaintiffs' First Amended RFPs [Def.'s Response to Pls.' Requests for Production]" (attached herein as Exhibit A) and included 12-pages of ill-formatted documents related to one discovery request and a publicly available TOS policy document which had already been filed in this docket. In other words, Defendants' discovery responses were severely deficient. On May 28, 2025, Plaintiffs' Counsel again engaged Defendant's Counsel in a meet-and-confer regarding the deficient discovery responses. *See* Decl. Juyoun Han. To date, Defendant's Counsel has not been able to provide any confirmation nor a date by which Defendant would provide responses to the discovery requests. Defendant also failed to respond to deposition requests. *Id*.

In their Requests for Production, Plaintiffs requested information regarding YOLO's organizational structure and all individuals who worked for Defendant:

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents reflecting the name(s), role(s), title(s) and

3

MOTION TO AMEND THE COMPLAINT
Case No. 2:21-cv-06680-FWS

organizational hierarchy of all individuals who worked for Defendant (and its predecessors and successors) from 2019 to date. *See* Exhibit A. Defendant responded:

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**
>
> Defendant objects to this request on the grounds that it is vague, ambiguous, compound, overly broad, and/or unduly burdensome . . . Defendant states Gregoire Henrion was the President and Chief Executive Officer of Defendant from January 1, 2019 to date and Mr. Henrion was the sole employee of Defendant from January 1, 2019 to date. *Id*.

YOLO previously filed its FRCP 7.1 Disclosure Statement and Certification of Interested Entities or Persons (D.E. 24) where it stated only three entities/persons: Gregoire Henrion (Co-Founder of YOLO), Clement Raffenoux (Co-Founder of YOLO), and Thrive Capital (Board Member of YOLO).

Moreover, Gregoire Henrion previously filed a Declaration in Support of Defendants' Motion to Transfer to the Central District of California swearing under the penalty of perjury that there are eight other "company personnel" located in Paris. (D.E. 31-3). None of these company personnel were disclosed in the discovery responses. Yet, in the media, Gregoire Henrion mentions his team being split between Los Angeles and Paris.[1]

To date, Gregoire Henrion has ignored Plaintiffs' request to take his deposition, nor has YOLO responded to a 30(b)(6) witness deposition. This has deprived Plaintiffs' ability to discover accurate details about YOLO's company structure, workers, and the role of Gregoire Henrion. However, based on YOLO's discovery response that Gregoire

---

[1] https://techcrunch.com/2020/02/28/anonymous-snapchat-group-chat-yolo/ (seeking "funding for the eight-person team split between Snapchat's home of Los Angeles and Henrion's home of Paris")

4

Henrion was the CEO and the only employee of YOLO, Plaintiff seeks to add Gregoire Henrion as an additional defendant to this case.

## LEGAL STANDARD

Plaintiffs seek leave to file the TAC pursuant to Federal Rule 15(a), which provides that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has noted that "[R]ule 15's policy of favoring amendments should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Indeed, the Ninth Circuit has held that a district court should resolve a motion to amend "with all inferences in favor of granting the motion." *Griggs v. Pave Am. Grp*., 170 F.3d 877, 880 (9th Cir. 1999). Courts consider four factors in determining the propriety of a motion to amend: bad faith, undue delay, prejudice to the opposing party, or futility of the amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The liberal standard applies to amending parties as well as causes of action. *DCD Programs, Ltd.*, 833 F.2d at 186.

## ARGUMENTS

**A. The Proposed TAC will be filed in Good Faith**

As set forth above, the proposed TAC will be filed in good faith. Based on (and promptly following) YOLO's discovery response that Gregoire Henrion was the CEO and the only employee of YOLO, Plaintiff seeks to add Gregoire Henrion as an additional defendant to this case. Gregoire Henrion has ignored Plaintiffs' request to take his deposition, nor has YOLO responded to a 30(b)(6) witness deposition. This has deprived Plaintiffs' ability to discover accurate details about YOLO's company structure, workers, and the role of Gregoire Henrion. Plaintiff anticipates filing a motion to compel, but also properly seeks to add Henrion as a defendant given that he is the *sole* employee of YOLO. Accordingly, this motion and the TAC have been prepared in good faith.

### B. The Motion is Timely and Will Not Cause Undue Delay or Prejudice to Defendants

The Ninth Circuit has held that it is an abuse of discretion to deny a motion to amend on the grounds of delay alone, even five years after the filing of a complaint. *Howey v. U.S.*, 481 F.2d 1187, 1190-91 (9th Cir. 1973). Indeed, prejudice by delay only occurs when newly added parties do not have time to "pursue and preserve the facts relevant to various avenues of defense" of the suit. *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1400 (9th Cir. 1984). However, timely notice, whether formal or informal, is sufficient to allay such concerns. *Id*.

Here, as set forth above, Plaintiffs only discovered Gregoire Henrion's status as the sole employee and CEO of YOLO (serving as the basis for personal liability) based on YOLO's very late discovery response from May 23, 2025. *See* Ex. B. This discovery response was different from how YOLO had responded in previous briefings , such as in prior corporate disclosures and its venue transfer motion where YOLO indicated that it had more employees. YOLO will suffer no prejudice because it knew about these claims from the beginning of the lawsuit. As YOLO's sole employee and CEO, Henrion was indisputably aware of these claims as well. In fact, this motion and the TAC are intended to avoid additional prejudice to Plaintiffs, as YOLO is not cooperating in written discovery or depositions. Because no defendant will suffer prejudice or *undue* delay from Plaintiff's TAC, leave to amend should be granted.

### C. Filing the TAC is Not Futile

Plaintiffs' proposed amendments are also not futile. To show that a proposed amended complaint would be futile, the opposing party must show that, taking the pleaded facts as true, its allegations fail to state a claim as a matter of law. *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bur.*, 701 F.2d 1276, 22 1293 (9th Cir. 1983) (upholding denial of leave to amend when amendment to complaint "could not affect the

outcome of th[e] lawsuit"). Otherwise, a plaintiff "ought to be afforded an opportunity to test [its] claim on the merits." *DCD Programs, Ltd.*, 833 F.2d at 188.

    Here, Gregoire Henrion is the CEO and *sole* employee of YOLO. As such, the TAC will allege that he is personally responsible for YOLO's torts, including intentional and negligent misrepresentation. This amendment does not fail to state a claim as a matter of law, and could actually affect the outcome of the lawsuit. Generally, a director or officer of a corporation does not incur personal liability for torts of the corporation merely by reason of his or her official position, unless he or she participates in the wrongdoing or authorizes or directs that it be done. *PMC v. Kadisha*, (2000) 78 Cal.App.4th 1368, 1378, 1381. Here, given Henrion's status as the only employee and CEO of YOLO, it is plausible that he participated directly in the alleged wrongdoings or authorized/directed that they be done. *See, e.g., Frances T. v. Village Green Owners Assoc.*, 42 Cal.3d 490, 504 (1986). In any event, Henrion may be liable for his participation in an intentional tort and for his own fraudulent conduct, which the TAC alleges. *See, e.g., Provident Land Corp. v. Bartlett*, 72 Cal. App. 2d 672, 687-88 (1946); *Croeni v. Goldstein*, 55 Cal. App. 4th 754, 758 (1994).

    Taking the pleaded facts in the TAC as true, its allegations do not fail to state a claim as a matter of law. Rather, they plausibly allege that Henrion may be personally liable for the negligent and intentional torts of YOLO, which is bolstered by YOLO's own admission that Henrion is its sole employee and officer. Accordingly, Plaintiffs' motion should be granted for this additional reason.

Dated: June 11, 2025

                                        EISENBERG & BAUM LLP

                                        By: */s/ Juyoun Han*
                                              Juyoun Han, Esq.
                                              Eric Baum, Esq.
                                              24 Union Square E., PH

New York, NY 10003
jhan@eandblaw.com
ebaum@eandblaw.com