UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-06680-FWS-MBK Date: September 22, 2025
Title: Kristin Bride *et al.* v. Yolo Technologies, Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Damian Velazquez for Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER STRIKING ANSWER [175] AND ENTERING DEFAULT AGAINST DEFENDANT YOLO TECHNOLOGIES, INC.**

Plaintiffs The Estate of Carson Bride, by and through his appointed administrator, Kristin Bride; Addison Kennedy; Amber Casperson; and A.O. bring this putative class action against Defendants Yolo Technologies, Inc. ("Yolo") and Yolo's co-founder and Chief Executive Officer Gregoire Henrion related to alleged misrepresentations concerning an anonymous messaging application, YOLO. (*See generally* Dkt. 200 ("Third Amended Complaint" or "TAC").) Although Yolo has been defending this case since 2021, recently there have been indications that it may soon be filing for bankruptcy. (*See* Dkt. 198 ("Order") at 1.)

On July 1, 2025, the court granted the application of Dentons US LLP to withdraw as counsel for Yolo. (Order.) In the Order, the court noted that "[u]nder Local Rule 83-2.2.2, which prohibits entities from representing themselves, [Yolo] may not appear *pro se*, but rather must be represented by counsel." (*Id.* at 7.) The court ordered Yolo to obtain replacement counsel by August 15, 2025. (*Id.*) The court also advised Yolo of the potential consequences of failing to obtain replacement counsel, stating: "If [Yolo] fails to substitute counsel or seek other appropriate relief on or before that date, the court will strike [Yolo's] Answer (Dkt. 175) and enter default against" Yolo." (*Id.*)

On August 13, 2025, Henrion filed a Request for Extension to Obtain New Counsel on behalf of Yolo. (Dkt. 214.) Henrion stated, "At this time, YOLO has very limited cash

resources, which has delayed the retention of replacement counsel," and therefore requested an additional 30 days "to complete the process of identifying and engaging new legal counsel so that we may properly respond and participate in these proceedings." (*Id.*) After a Notice to Filer of Deficiencies was issued, (Dkt. 215), Henrion filed a Status Update seeking the same relief and requesting an extension "through and including September 18, 2025." (Dkt. 219 at 2.)

On August 20, 2025, the court granted this request, and issued an Order Extending Time for Yolo to Substitute Counsel Before Striking Answer and Entering Default. (Dkt. 220 ("Extension Order").) In the Extension Order, the court again stated, "If Yolo fails to substitute counsel or seek other appropriate relief on or before that date, the court will strike Yolo's Answer (Dkt. 175) and enter default against Yolo." (*Id.* at 2.)

The deadline for Yolo to substitute counsel has passed, and Yolo has filed nothing further. (*See generally* Dkt.) As noted in the Order, Yolo cannot appear *pro se*. (Order at 7); *see* L.R. 83-2.2.2; *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). Accordingly, as the court twice stated it would, (Order at 7; Extension Order at 2), the court **STRIKES** Yolo's Answer (Dkt. 275) and **ENTERS DEFAULT** against Yolo. Unless Plaintiffs believe there is a basis for entry of judgment under Federal Rule of Civil Procedure 54(b), Plaintiffs may move for default judgment against Yolo after this case has been adjudicated with regard to Henrion. *See In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (explaining that "where a complaint alleges that defendants are jointly liable" or "similarly situated" and "one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants") (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)).