_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:21-cv-06680-FWS-MBK                                   Date: November 14, 2025
Title: The Estate of Carson Bride *et al.* v. Yolo Technologies, Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:    ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [237]**

Plaintiffs The Estate of Carson Bride, by and through his appointed administrator, Kristin Bride; Addison Kennedy; Amber Casperson; and A.O. brought this putative class action challenging alleged misrepresentations concerning an anonymous messaging application against Defendant Yolo Technologies, Inc. ("Yolo"). (*See generally* Dkt. 200 ("Third Amended Complaint" or "TAC").) After years of litigation against Yolo, Yolo indicated it might soon file for bankruptcy, so Plaintiffs amended their complaint to name as a defendant for the first time Yolo's co-founder and Chief Executive Officer Gregoire Henrion ("Henrion"). (*See id.*) Yolo's counsel withdrew and Yolo failed to substitute replacement counsel, so the court entered default against Yolo. (Dkt. 228.)

On September 29, 2025, the court granted Henrion's Motion to Dismiss, dismissing Plaintiffs' complaint against Henrion without leave to amend. (Dkt. 231 ("Henrion Order").) Having dismissed Henrion, the court directed Plaintiffs, if they wished to seek default judgment against Yolo, to file a motion for default judgment against Yolo on or before October 30, 2025. (*Id.* at 9.)

On October 21, 2025, Plaintiffs filed a Notice of Appeal of the Henrion Order. (Dkt. 233.) The Ninth Circuit assigned a case number and set a briefing schedule. (Dkt. 234.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-06680-FWS-MBK                                       Date: November 14, 2025
Title: The Estate of Carson Bride *et al.* v. Yolo Technologies, Inc. *et al.*

On October 30, 2025, Plaintiffs filed the pending Motion for Default Judgment against Yolo. (Dkt. 237 ("Motion").) Plaintiffs did not offer any evidence of damages, instead arguing that "an appeal is pending in the Ninth Circuit court as to Gregoire Henrion who has appeared and is actively litigating the case, and Plaintiffs' TAC alleges all factual allegations jointly against YOLO Technologies Inc. and Gregoire Henrion" and therefore "request[ing] that the inquest for damages, attorneys' fees, and all other forms of damages take place after the Ninth Circuit appeal is resolved either through mediation or through the Ninth Circuit Court's ruling." (*Id.* at 5-6.)

The court believes Plaintiffs have the order of operation backwards. When the court issued the Henrion Order, the court did not enter judgment. The court made no findings under Federal Rule of Civil Procedure 54(b) or 28 U.S.C. § 1292(b). In other words, the court did not intend the Henrion Order to be a final judgment in this case and did not make any rulings indicating that it did. (*See generally* Henrion Order.) Accordingly, it does not appear to the court that the Ninth Circuit has jurisdiction over the appeal pending before it. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States.") (emphasis added). Rather, it appears to the court that the proper course is for Plaintiffs to attempt to prove up damages against Yolo so that the court may enter a final judgment in this case, which would be an appealable order. *See id.*

Nevertheless, in an abundance of caution and in deference to the Ninth Circuit, the court will defer making any rulings as to Yolo until the appeal of the Henrion Order is finalized. Accordingly, the Motion is **DENIED WITHOUT PREJUDICE** to refiling after the Ninth Circuit mandate issues.[1] If the Ninth Circuit reverses the Henrion Order, the court will take appropriate action at the appropriate time. However, if the Ninth Circuit affirms the Henrion Order or for any reason does not decide the appeal on the merits, the court **ORDERS** Plaintiffs

---

[1] The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for December 4, 2025, is **VACATED** and off calendar.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:21-cv-06680-FWS-MBK | Date: November 14, 2025 |
| Title: The Estate of Carson Bride *et al.* v. Yolo Technologies, Inc. *et al.* | |

to file a complete motion for default judgment within **21 days** of the Ninth Circuit's mandate. Failure to file a motion for default judgment or seek other appropriate relief on or before the deadline set by the court will result in dismissal of this case without further notice or order from the court.  *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (citation modified); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal").

___