_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No. 2:21-cv-06680-FWS-MBK                               Date: January 7, 2026
Title: The Estate of Carson Bride *et al.* v. Yolo Technologies, Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   ORDER STAYING CASE PENDING CONCLUSION OF PLAINTIFFS' APPEAL REGARDING DISMISSAL OF CLAIMS AGAINST DEFENDANT GREGOIRE HENRION [237]**

   Plaintiffs bring this putative class action against Defendant Yolo Technologies, Inc. ("Yolo") and its co-founder and Chief Executive Officer, Gregoire Henrion ("Henrion"). (Dkt. 200 (Third Amended Complaint).) Yolo is in default. (Dkt. 228.) In September 2025, the court granted Henrion's Motion to Dismiss, dismissing Plaintiffs' complaint against Henrion without leave to amend. (Dkt. 231 ("Henrion Order").) Having dismissed Henrion, the court directed Plaintiffs, if they wished to seek default judgment against Yolo, to file a motion for default judgment against Yolo on or before October 30, 2025. (*Id.* at 9.)

   On October 21, 2025, Plaintiffs filed a Notice of Appeal of the Henrion Order. (Dkt. 233.) The Ninth Circuit assigned a case number and set a briefing schedule. (Dkt. 234.)

   On October 30, 2025, Plaintiffs filed a Motion for Default Judgment against Yolo in which Plaintiffs requested that the question of damages be resolved after resolution of the appeal of the Henrion Order. (Dkt. 237.) The court denied without prejudice the Motion for Default Judgment. (Dkt. 239.) Although the court noted the Henrion Order was not a final judgment and therefore the court believed that the Ninth Circuit lacks jurisdiction over the appeal, "in an abundance of caution and in deference to the Ninth Circuit, the court" ruled that it

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:21-cv-06680-FWS-MBK | Date: January 7, 2026 |
| Title: The Estate of Carson Bride *et al.* v. Yolo Technologies, Inc. *et al.* | |

"will defer making any rulings as to Yolo until the appeal of the Henrion Order is finalized." (*Id.* at 2.)

    The trial date is now approaching and Plaintiffs' appeal of the Henrion Order has not concluded.  Accordingly, the court **STAYS** this case pending resolution of the appeal.  As stated in the prior order, if the Ninth Circuit reverses the Henrion Order, the court will take appropriate action at the appropriate time.  However, if the Ninth Circuit affirms the Henrion Order or for any reason does not decide the appeal on the merits, the court **ORDERS** Plaintiffs to file a complete motion for default judgment within **21 days** of the Ninth Circuit's mandate.  Failure to file a motion for default judgment or seek other appropriate relief on or before the deadline set by the court will result in dismissal of this case with prejudice without further notice or order from the court.  *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (citation modified); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal").

_____